BENJAMIN GRIFFIN, APPELLANT, v. JOHN J. A. PITMAN, RESPONDENT.

JUSTICE'S COURT—OMISSION TO SWEAR JURY.—If a justice of the peace, through inadvertence, omits to swear a jury in the trial of an action before him, and the parties, being present, proceed with the trial of the cause without making any objection to the jury until after judgment is entered on the verdict, it is then too late for the party against whom it is rendered to question its validity, on the ground that the jury was not sworn.

IDEM—NEW TRIAL, NO AUTHORITY TO GRANT.—After a justice of the peace has rendered a judgment, on the verdict of a jury in a case tried before him, he has no authority to set aside such judgment and grant a new trial.

APPEAL from Yamhill County.

This was an action brought by the respondent against the appellant in a justice's court to recover thirty-three dollars and forty-five cents. The case was tried with a jury, and the plaintiff had a verdict for the amount claimed, upon which a judgment was rendered. Subsequently it was discovered that the justice had inadvertently omitted to swear the jury. Thereupon, on motion of the respondent, the judgment and verdict were set aside and a new trial ordered. Upon the second trial the respondent failed to appear, and the appellant had judgment. The respondent then obtained a writ of review, upon which the second judgment was reversed and the first affirmed. From the order thus made this appeal is taken.

*E. C. Bradshaw,* for appellant.

*H. & A. M. Hurley,* for respondent.

By the Court, KELLY, C. J.:

To the ruling of the court below the appellant assigns the following errors: 1. The court erred in rendering judgment on plaintiff's complaint, for the reason that said complaint does not state facts sufficient to constitute a cause of action. 2. The court erred in affirming the judgment of the justice rendered on the twenty-fourth day of January, 1878, for the reason that said judgment had been set aside on motion of plaintiff therein. 3. The court erred in sustaining the judgment of the justice rendered on the verdict of a jury that was not sworn.

In regard to the first assignment of error, we hold that the same was not well taken. The complaint alleges " that the plaintiff on the first day of June, 1877, contracted with the defendant to dig a well, in which he was to insure water, for which he agreed to pay the sum of thirty dollars. That the work was performed according to contract, and that the defendant is indebted to him in the sum of thirty dollars, and    *   *   *   that no part of the same has been paid, though due and demanded." Sec. 86, p. 123, of the code, provides that " in pleading the performance of conditions precedent in a contract it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part." We hold that the allegation " that the work was performed according to contract," is equivalent to stating that the plaintiff duly performed all the conditions on his part.

2. In support of the second assignment, it is urged by the appellant that inasmuch as the judgment rendered by the justice on the twenty-fourth day of January was set aside on the motion of the plaintiff, it was error in the circuit court to hold that it was valid and binding. The justice had no power to set aside the judgment rendered by him on that day, and grant a new trial on the twenty-second

of March.   No such authority is conferred on justices of the peace by the statute, and none being conferred, it can not be lawfully exercised.

3. It is claimed by the appellant that the judgment rendered on the twenty-fourth of January was void because the jury was not sworn before they proceeded to try the case.   The defendant was present at the trial, and ought to have urged this objection to the jury, before the rendition of their verdict.   In practice, it is required of every one to take advantage of his rights at the proper time, and neglect to do so will be considered a waiver.   If, through inadvertence, it happens on the trial of a cause that the justice fails to swear the jury, and either party, being present and aware of that fact, remains silent and takes the chances of a verdict in his favor, he will not be permitted to question the validity of it, if the verdict should prove unfavorable to him.

The court did not err in its rulings, and the judgment is affirmed.