[Filed January 4, 1892.]

# AMERICAN BUILDING AND LOAN ASSOCIATION *v.* G. C. FULTON.

JUSTICE'S COURT—JURISDICTION—SETTING ASIDE DEFAULT.—A justice's court, being one of limited and inferior jurisdiction, has no power, in the absence of a statute expressly conferring the same, to set aside its own judgment duly rendered, either upon issue joined, or for want of an answer, or to grant a new trial, or leave to answer.

Clatsop county: FRANK J. TAYLOR, Judge.

Plaintiff appeals. Affirmed.

The writ of review in this case was issued by order of the circuit judge on the petition of the plaintiff to bring into the circuit court the proceedings in a certain action theretofore determined in the justice's court for the precinct of Astoria, Clatsop county, Oregon, wherein G. C. Fulton was plaintiff and the American Building and Loan Association was defendant.

It appears from the petition for the writ, and the return thereto, that on the twenty-eighth day of November, 1890, the defendant in this proceeding commenced an action against the plaintiff herein in the justice's court of said precinct for the recovery from the defendant of the sum of two hundred dollars, with lawful interest, costs and disbursements. The summons in said action was duly served on the defendant by delivering to I. W. Case, defendant's agent, properly certified copies of the complaint and sum-

mons on said day, and that the summons in said action was made returnable before the justice on the eighth day of December, 1890, at the hour of ten o'clock A. M. of said day, at which time the defendant was required to appear and answer the complaint. At the time fixed in the summons, the plaintiff appeared, and after waiting one hour and the defendant failing to appear or answer, he took judgment against the defendant for the amount demanded in the complaint, with costs and disbursements. Thereafter, on the sixth day of January, 1891, after notice to the plaintiff, the defendant appeared and moved the justice to set aside the judgment and for leave to answer. With said application, affidavits were filed attempting to excuse the default. The only particular in which it is claimed said justice erred was in refusing to set aside the default and to permit the defendant to answer. The circuit court, having heard the cause upon the return, affirmed the judgment of the justice, from which last-named judgment this appeal was taken.

The other facts appear in the opinion.

*C. R. Thomson,* and *George Noland,* for Appellant.

*Fulton Bros.* for Respondent.

Strahan, C. J.—Neither in the petition for the writ of review nor upon the trial in this court did the plaintiff suggest or claim that there was any defect or excess of jurisdiction on the part of the justice of the peace, nor was it contended that the complaint did not contain facts sufficient to constitute a cause of action. The sole question, therefore, for this court to consider is the error alleged to have been committed by the justice in refusing to set aside the judgment after it had been entered, and to allow the defendant to file an answer.

This precise question has never been before this court, that we have been able to find; but one involving substantially the same principle was passed upon in *Griffin* v. *Pitman,* 8 Or. 342. In that case, by some oversight, the justice omitted to swear the jury, and the parties proceeded

with the trial. After the verdict was rendered, the defeated party moved to set aside the judgment entered thereon, and for a new trial, which motion was allowed by the court; but on review this action of the court was reversed, and the judgment first entered by the justice affirmed. In passing upon this question, the court said: "The justice had no power to set aside the judgment rendered by him on that day, and grant a new trial on the twenty-second of March. No such authority is conferred on justices of the peace by the statute, and none being conferred, it cannot be lawfully exercised." (*State* v. *Boettger*, 39 Mo. App. 684.) It is true, that in this case the judgment was given for want of an answer; but where the service of the summons is personal, no difference in principle is perceived between the power of the justice to set aside the judgment in such case and the judgment given upon a verdict. There is no statute conferring the power in either case; and it is a general rule that courts of limited and inferior jurisdiction must follow the statutes under which they assume to act. This point is expressly determined in *Griffin* v. *Pitman, supra.*

This conclusion renders it unnecessary to examine the facts upon which the plaintiff's motion before the justice was based, and the excuses and reasons given for not answering according to the exigencies of the summons; but according to the practice prevailing in courts of general jurisdiction, the default could not be excused on the grounds stated in the plaintiff's application. Finding no error in the judgment, it must be affirmed.

Bean, J.—For the reason that the default in this case could not be excused upon the grounds stated on this record, I concur in the result; but upon the question discussed in the opinion, not deeming it necessary to the determination of this case, I reserve my opinion.