Decided 16 August, 1901.

**MEINERT v. HARDER.**

[65 Pac. 1056.]

INJUNCTION AGAINST VOID JUDGMENT—PLEADING.

1. A party against whom a default judgment has been rendered that is void
for want of jurisdiction over the person sued, seeking to enjoin the enforcement
of such judgment, must both plead and prove that there is a meritorious defense
to the action on which the judgment is based, that there is no adequate remedy
at law, and that the judgment was not taken through neglect.

    39 OR.— 39.

Idem.

2. A bill for an injunction against the enforcement of a judgment in a replevin action does not state a cause of suit unless it alleges that plaintiff in the replevin action was not entitled to the possession of the personalty in question when that action was commenced.

Suit Constituting a Collateral Attack.

3. A suit seeking to annul a judgment and to restrain its enforcement on the ground that the notice given therein was insufficient, and such insufficiency does not appear on the face of the record of the judgment, is a collateral attack, and the judgment must be sustained if the record shows colorable notice to the defendant.

Adequate Remedy at Law.

4. A default judgment in a justice's court, apparently regular, can not be appealed from, or set aside, so that the only remedy where the record is untrue is by a suit in equity.

From Linn : REUBEN P. BOISE, Judge.

This is a suit by John Meinert against Emma Harder and others to set aside a judgment, and to enjoin the levy of an execution issued thereon. The transcript shows that on March 18, 1899, the defendant Emma Harder commenced an action against the plaintiff in the Justice's Court for District No. 1, Linn County, Oregon, to recover the possession of a mare, buggy, and set of harness, or their value in case possession thereof could not be secured, and damages for their alleged detention. The defendant J. C. Powell, as justice of the peace of said district, upon the filing of the complaint issued a summons directed to the constable of said district, commanding him to summon the plaintiff herein to appear before said justice of the peace in district No. 1 on March 25, 1899, at the hour of 1 o'clock P. M. of that day, at the office of said justice in said district, to answer said complaint. The summons having been delivered to the defendant A. Straney, a constable of said district, it was returned with the following indorsement thereon :

State of Oregon,  
    County of Linn. } ss.

I hereby certify that I served the within summons on the 18 day of March, A. D. 1899, within said county and

state, on the within named defendant, John Meinert, by me delivering a true copy thereof, prepared and certified to by J. C. Powell, Justice of the Peace, together with a copy of the complaint in the within entitled action, prepared and certified to by N. M. Newport, one of plaintiff's attorneys, to said defendant in person and personally.

Dated this 18 day of March, 1899.

(Signed)      A. STRANEY,<br>Constable.

The plaintiff herein having failed to appear in said court within the time prescribed by law, judgment was rendered againt him as prayed for in the complaint; and, an execution having been issued thereon and delivered to the defendant A. Straney, who threatened to take possession of said property, this suit was instituted. The plaintiff alleges, in substance, that the only summons ever served upon him in the said action purported to be a copy of a summons emanating from district No. 2 in said county and state, certified to by Powell, and requiring him to appear before said justice in district No. 2, at the office of said justice, at the time so appointed, and that there was also served upon him what purported to be a copy of a complaint entitled, "In the Justice Court for District No. 2, Linn County, Oregon," and certified to by N. M. Newport, one of the attorneys for the plaintiff therein; that at the time so appointed in said summons the plaintiff appeared at the office of the justice of the peace for district No. 2 in said state and county, for the purpose of defending said action, and was then informed that no action had been commenced against him in that court. The plaintiff further alleges, upon information and belief, that, after said summons was served upon him, Emma Harder, with Powell's consent, changed said complaint so as to make it read in district No. 1, and that for the purpose of defrauding and misleading him they caused said summons to appear to require him to defend the

action in district No. 2, so as to prevent him from appearing and defending the action in the justice's court where the complaint was filed; that he has a valid, legal, and complete defense to all the matters and things set up in said complaint, and was, when said action was commenced, and now is, the absolute owner of the property so described, and that Emma Harder was not then or at any time the owner thereof; that by reason of the defects in the copies of said summons and complaint the justice's court of district No. 1 never obtained jurisdiction of him, and that in consequence thereof the judgment so rendered is void; and that to prevent its enforcement the plaintiff has no plain, speedy, or adequate remedy at law.

The answer, after denying the material allegations of the complaint, avers, in effect, that the summons was issued out of and entitled in the justice's court for district No. 1, and required the plaintiff to appear and answer the complaint filed in said court; that no alterations had been made in the complaint after it was filed, and that the summons in said action was served upon the plaintiff in district No. 1, by delivery to him of a certified copy thereof, together with a certified copy of said complaint; that at the time said summons was served the plaintiff well knew that it was issued out of, and required him to appear and answer said complaint in, the justice's court for district No. 1, and also knew that the defendants . Straney and Powell were the duly elected, legally qualified, and acting constable and justice of the peace, respectively, of said district No. 1, and the plaintiff notified said constable that he would appear in said district at the time so appointed and defend said action; that after said summons was so served,. and before plaintiff was required to appear and answer said complaint, he retained counsel, who examined the original papers on file in said action; that at the time set for the trial of said action,

the plaintiff not appearing, Powell sent Straney to the office of said counsel, who notified them that the hour for plaintiff's appearance had arrived, but was informed by them that he did not intend to defend said action; that Emma Harder at the time said action was commenced was, ever since has been, and now is, the owner of said property, and entitled to the possession thereof; and that the plaintiff has no interest therein. The court, upon motion therefor, struck out of the answer the averments of plaintiff's knowledge as therein alleged. A reply having put in issue the remaining allegations of new matter in the answer, except the averment of Emma Harder's ownership and right of possession of said property, a trial was had, resulting in a decree as prayed for, and she appeals.                    REVERSED.

For appellant there was an oral argument by *Mr. N. M. Newport*, with a brief over the name of *Cannon & Newport*.

The return of an officer of personal service of process, being a matter within his personal knowledge, is conclusive between parties and privies, and can not be questioned in a suit to enjoin the enforcement of, or annul, a judgment based on such return on the ground that the court was without jurisdiction : *Hunter* v. *Stoneburner*, 92 Ill. 75; *Goddard* v. *Harbour*, 56 Kan. 744 (44 Pac. 1055, 54 Am. St. Rep. 608); *Cully* v. *Shirk*, 131 Ind. 76 (30 N. E. 882, 31 Am. St. Rep. 414); *Harman* v. *Moore*, 112 Ind. 221 (13 N. E. 718, 721); *Stewart* v. *Griswold*, 134 Mass. 391; *Putnam* v. *Man*, 3 Wend. 202; *Green* v. *Kindy*, 43 Mich. 279; *Tullis* v. *Brawley*, 3 Minn. 277; *Tillman* v. *Davis*, 28 Ga. 494 (73 Am. Dec. 786); *Madison County Bank* v. *Suman*, 79 Mo. 532; *Goolsby* v. *St. John*, 25 Gratt. (Va.) 146; *Stewart* v. *Stringer*, 41 Mo. 40; *Bylles* v. *Bowen*, 45 N. H. 124; *Barrows* v. *Rubber Co.* 13 R. I. 48; *Stewart*

v. *Stewart*, 27 W. Va. 167 ; *Heath* v. *Missouri, Kan. & Tex. Ry. Co.* 83 Mo. 617, 623 ; *Brown* v. *Kenedy*, 82 U. S. (15 Wall.) 193, 195 ; *Walker* v. *Robbins*, 55 U. S. (14 How.) 584, 585 ; *Gaylin* v. *Dibrell*, 74 Tex. 36 ; *Bank* v. *Downers*, 29 Vt. 332 ; *Trimble* v. *Erie Elec. Motor Co.* 89 Fed. 51 ; *Smith* v. *Smith*, 13 Colo. App. 295 (57 Pac. 747, 749); *Insurance Co.* v. *Highsmith*, 44 Iowa, 330 ; Murfree, Sher. (2 ed.) § 868, and cases cited ; Van Fleet, Coll. Attack, § 11 ; 1 Herman, Estop. pp. 197–199, 539 ; 22 Am. & Eng. Ency. Law (1 ed.), p. 193.

The service was at most only irregular, not void, and was so far sufficient to give respondent notice of the pendency of the action. He therefore had a plain, speedy, and adequate remedy at law by motion to quash the service and was guilty of laches in not doing so, and a court of equity will not now entertain his complaint because of mere irregularity : *Goolsby* v. *St. John*, 25 Gratt. 146 ; *Smith* v. *Smith*, 13 Colo. App. 295 (57 Pac. 747, 749); *Pratt* v. *Western Stage Co.* 27 Iowa, 363 ; *Brown* v. *Chapman*, 90 Va. 174 ; *Downing* v. *Harmon*, 13 Iowa, 535 ; *Parke* v. *Wardner*, 2 Idaho, 263 (13 Pac. 173); *Hall* v. *Redington*, 5 Mees. & W. 605 ; *Ambler* v. *Leech*, 15 W. Va. 677 ; *Keybers* v. *McComber*, 67 Cal. 395 (7 Pac. 838, 840).

The judgment being merely voidable, it then devolved upon respondent to allege and prove that it should be set aside. This he has not done, knowing, as he did, that what he alleges to be a fraud was about to be perpetrated upon him, he must show that he was guilty of no laches and used due diligence to prevent fraud. He can not idly suffer the judgment to be entered and be afterwards heard to complain : *Larimer* v. *Knoyle*, 43 Kan. 338 (23 Pac. 487, 491); *Snow* v. *Mitchell*, 37 Kan. 636, 639 (15 Pac. 224, 16 Pac. 737); *Harman* v. *Moore*, 112 Ind. 221 (13 N. E. 718); *Guinord* v. *Haysinger*, 15 Ill. 288.

Courts of justice will not do a vain thing. Therefore he who seeks to annul a judgment, valid on its face, must allege and prove that the judgment is unjust, unconscionable, and that, if set aside, it can not again be obtained : *Handley* v. *Jackson*, 31 Or. 552, 556 (65 Am. St. Rep. 839, 50 Pac. 915); *Harnish* v. *Beamer*, 71 Cal. 155 (11 Pac. 889); *Gregory* v. *Ford*, 14 Cal. 139 (73 Am. Dec. 639); *Parsons* v. *Nutting*, 45 Iowa, 404.

For respondent there was an oral argument by *Mr. J. R. Wyatt*, with a brief over the name of *Weatherford & Wyatt*.

The modern doctrine is that equity may enjoin the enforcement of a judgment at law, and will annul and vacate it, where it is based on a false return of service of summons, and the officer's return can be impeached or contradicted in a direct proceeding instituted for that purpose : *Huntington* v. *Crouter*, 33 Or. 408 (72 Am. St. Rep. 726, 54 Pac. 208); *Handley* v. *Jackson*, 31 Or. 552 (65 Am. St. Rep. 839, 50 Pac. 915); *Johnson* v. *Gregory*, 4 Wash. 109 (29 Pac. 831, 31 Am. St. Rep. 907); *California Sugar Beet Co* v. *Porter*, 68 Cal. 369 ; *Ridgeway* v. *Bank*, 30 Tenn. (11 Humph.) 523 ; *Johnson* v. *Coleman*, 23 Wis. 452 (99 Am. Dec. 193); 1 Black, Judgm. §§ 356, 366; Freeman, Judgm. (3 ed.) § 495 ; *Laudrum* v. *Farmer*, 7 Bush, 46 ; *Connel* v. *Stetson*, 33 Iowa, 147 ; *Hernandez* v. *James*, 23 La. Ann. 483 ; *Miller* v. *Gorman*, 38 Pa. St. 309.

The return of an officer on a process delivered to him for service is only *prima facie* evidence of the matters therein stated and it is not conclusive when directly attacked, and the want of jurisdiction and as to the manner in which the process was served may be shown at any time : *Huntington* v. *Crouter*, 33 Or. 408 (72 Am. St. Rep. 726, 54 Pac. 208); *Ferguson* v. *Crawford*, 70 N. Y. 253

(26 Am. Rep. 589); *Dozier* v. *Lamb*, 59 Ga. 461 ; *Pollard* v. *Wegener*, 13 Wis. 636 ; *Quarles* v. *Hiern*, 70 Miss. 891 (14 So. 23); *Dunklin* v. *Wilson*, 64 Ala. 162.

It is not incumbent on the plaintiff to show in addition to the want of jurisdiction, that he has a good defense to the action upon the merits, although this was done in this case. It is sufficient when it appears a judgment has been rendered against a party upon the false return of an officer and it becomes the imperative duty of a court of equity to correct the wrong and arrest the judgment : *Huntington* v. *Crouter*, 33 Or. 408 (72 Am. St. Rep. 726, 54 Pac. 208); *Arnold* v. *Hawley*, 67 Iowa, 313 (25 N. W. 259); *Magin* v. *Pitts*, 43 Minn. 80 (44 N. W. 675, 19 Am. St. Rep. 216); *Blakeslee* v. *Murphy*, 44 Conn. 188 ; *Ridgeway* v. *Bank*, 30 Tenn. (11 Humph.) 523 ; *Bell* v. *Williams*, 1 Head, 229 ; *Finney* v. *Clark*, 86 Va. 354 (10 S. E. 569); *Hickey* v. *Stone*, 60 Ill. 459.

There can be no question but what this proceeding is a direct attack upon this judgment, instituted expressly for the purpose only of annulling and vacating it and enjoining its enforcement by execution : *Smith* v. *Morrill*, 12 Colo. App. 233 (55 Pac. 824); *McNeal* v. *Edie*, 24 Kan. 108 ; *Magin* v. *Pitts*, 43 Minn. 80 (19 Am. St. Rep. 216, 44 N. W. 675); *Vaule* v. *Miller*, 69 Minn. 440 (72 N. W. 453.

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

1. The rule in equity in this class of cases is announced by the Supreme Court of Nebraska in *Bankers' Life Ins. Co.* v. *Robbins*, 53 Neb. 44 (73 N. W. 269), as follows : "A party against whom a judgment has been rendered by default, which judgment is void for want of jurisdiction over the person of the defendant, is not entitled to an injunction to restrain the enforcement of such

judgment, unless it appears both from his pleadings and proof (1) that he has a meritorious defense to the cause of action on which the judgment is based ; (2) that he has no adequate remedy at law ; (3) and that his plight is in nowise attributable to his own neglect.''

2.   Examining the complaint in the light of these necessary requirements, we find that, while the plaintiff alleges that at all the times mentioned he was the owner of the property which the defendant sought to recover in the justice's court, he failed to aver that he was entitled to the possession thereof.   In that forum the action to be tried was not the ownership of the property, but the right to its possession ; and, hence, if every averment of the complaint herein be conceded to be true, the plaintiff does not show a meritorious defense to the cause of action on which the judgment complained of was rendered.   The court found, however, that at and ever since the time said action was commenced in the justice's court the plaintiff was entitled to the possession of said property ; but there is no testimony in the transcript upon which such a finding can be predicated, except that of plaintiff, who, in answer to the questions, who was the owner of the mare, the buggy, and the harness, said, in each instance, ''Mine.''

3.   The complaint fails to allege that the judgment complained of was in nowise attributable to plaintiff's neglect.   In a collateral attack upon a judgment the rule is pretty well settled that, if the process and service be sufficient to impart to a party who might be prejudiced thereby colorable information that he has been sued in a particular court, the judgment rendered upon such service will not be disturbed : Van Fleet, Coll. Attack, § 329.   ''A direct attack upon a judgment,'' says

Mr. Justice COOKE in *Pope* v. *Harrison*, 16 Lea, 82, "is by appropriate preceedings between the parties to it, seeking, for sufficient cause alleged, to have it annulled, reversed, vacated, or declared void." It is held by this court in *Morrill* v. *Morrill*, 20 Or. 96 (25 Pac. 362, 11 L. R. A. 155), that a collateral attack on a judgment or decree is any proceeding that is not instituted for the express purpose of annulling or modifying such judgment of decree. In a note to that case, reported in 23 Am. St. Rep. 104, the editor, admitting that the definition thus given is as correct as a general definition can be, says, "The question most worthy of attention is not, what is a collateral attack? but is, when may an attack, though collateral, be made with success?" When a complaint, as in the case at bar, admits that a summons was served upon a party who seeks to set aside a judgment rendered in pursuance of the proof of a valid service thereof by showing *dehors* the record that the notice so given was insufficient, the attack upon the judgment is collateral : *Baltimore & O. Ry. Co.* v. *North*, 103 Ind. 486 (3 N. E. 144); *Kleyla* v. *Haskett*, 112 Ind. 515 (14 N. E. 387).

4. The judgment of the justice's court shows that it is based upon a sufficient complaint, duly filed, supplemented by proof of the personal service of a valid summons upon the plaintiff in Linn County by a duly qualified officer, and hence the judgment upon its face is valid. The evidence relied upon to establish its invalidity by contradicting the constable's return is *dehors* the record, and consists of what purport to be certified copies of the complaint and summons delivered to the plaintiff, an examination of which shows that "district No. 2" was inserted therein instead of "district No. 1." While such evidence is admissible in a suit properly instituted to set aside a judgment (*Huntington* v. *Crouter*,

33 Or. 408, 72 Am. St. Rep. 726, 54 Pac. 208), it can not be considered in a proceeding to review the judgment, in which case the only question brought up by the writ is that of jurisdiction, which must be determined from an examination of the ultimate facts appearing by the record (*Douglas County Road Co.* v. *Douglas County*, 5 Or. 406; *Poppleton* v. *Yamhill County*, 8 Or. 337; *Vincent* v. *Umatilla County*, 14 Or. 375, 12 Pac. 732; *Barton* v. *La Grande*, 17 Or. 577, 22 Pac. 111; *Smith* v. *City of Portland*, 25 Or. 297, 35 Pac. 665; *Tyler* v. *State*, 28 Or. 238, 42 Pac. 518; *Oregon Coal Co.* v. *Coos County*, 30 Or. 308, 47 Pac. 851). The judgment complained of having been given for want of an answer, an appeal therefrom would have been unavailing: Hill's Ann. Laws, § 536.    So, too, the justice's court was powerless to set aside the judgment after it had been rendered (*Griffin* v. *Pitman*, 8 Or. 342; *American B. & L. Assoc.* v. *Fulton*, 21 Or. 492, 28 Pac. 636); and hence it may be said that plaintiff did not have an adequate remedy at law.    It is alleged in the complaint, and the court so finds, that the complaint and summons were changed by the defendants for the purpose of defrauding the plaintiff, but no testimony was introduced tending to support such averment, and hence the equitable power of the court to set aside the judgment upon that ground must fail.

The plaintiff having failed to allege a meritorious defense, or "that his plight is in nowise attributable to his own neglect," the decree is reversed and remanded for such further proceedings as may be necessary and proper, not inconsistent with this opinion.

REVERSED.