(108 N. W. 242.)

---

A. C. SKJELBRED, PLAINTIFF AND APPELLANT, v. USHER D. SHAFER, SYLVESTER CONKLING, MARY E. CONKLING, MORTGAGE BANK AND INVESTMENT COMPANY, A CORPORATION; A. B. GUPTILL, AS RECEIVER OF THE MORTGAGE BANK AND INVESTMENT COMPANY, A CORPORATION; MARY F. HOWARD, AND ALL OTHER PERSONS UNKNOWN, CLAIMING ANY ESTATE OR INTEREST IN, OR LEIN OR INCUMBRANCE UPON THE PROPERTY DESCRIBED IN THE COMPLAINT, AND THEIR UNKNOWN HEIRS, DEFENDANTS. ETHEL MAY SOUTHARD, RESPONDENT.

Opinion filed June 5, 1906.

**Quieting Title — Judgment Void for Want of Service.**

1. A judgment rendered in an action to quiet title under chapter 5, page 9, Laws of 1901, is void as to those who are not named in the published summons, and who are not personally served and who do not appear in the action. Following Fenton v. Insurance Co. (opinion recently handed down) 109 N. W. 363.

**Same — Relief from Void Judgment.**

2. Relief from a judgment which is void for want of service may be had, without regard to the date of its entry and without the showing of merits and excuse required in cases where jurisdiction has attached.

Appeal from District court, McHenry county; *Palda, J.*

Action by A. C. Skjelbred against Ethel May Southard. Judgment for defendant, and plaintiff appeals.

Affirmed.

*Christianson & Weber,* for appellant.

Sufficient affidavit of merits is indispensable in all applications to vacate default judgments. Gauthier v. Rusicka, 3 N. D. 1, 53 N. W. 80; Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252.

Not only good defense but good excuse for default must be shown. Harlan v. Smith, 6 Cal. 173, 15 Enc. Pl. & Pr. 286; 2 Black on Judgments, 251.

A default judgment can be vacated only within the time permitted by law. Sargent v. Kindred, 5 N. D. 472; McKnight et al. v. Livingston et al., 1 N. W. 14.

Statutory action to quiet title is largely a proceeding in rem. Inglee v. Welles et al., 55 N. W. 117; Shepherd v. Ware et al., 48 N. W. 773.

*LeSueur & Bradford,* for respondent.

Where the affidavit of merits sets forth a good defense, the usual form of such affidavit is unnecessary and defects therein are immaterial. Wheeler v. Castor, 92 N. W. 381, 11 N. D. 347; 1 Enc. Pl. & Pr. 366; Bell v. Kelly, 17 N. J. Law, 270; Gulick v. Thompson, 4 N. J. Law, 294; 15 Enc. Pl. & Pr. 286; Joerns v. LaNicca, 38 N. W. 129.

The excuse for default is sufficient. Worth v. Wetmore et al., 54 N. W. 56.

Where an application is seasonably made, decision can be made after time. Minnesota Thresher Mfg. Co. v. Holtz, 10 N. D. 16, 84 N. W. 581; 6 Enc. Pl. & Pr. 198, 199; Wolff v. Can. Pac. Ry Co., 26 Pac. 825; Conkling v. Johnson, 34 Iowa, 286; Vandenberg v. New York, 5 N. Y. Sup. 664; Hatch v. Central National Bank, 78 N. Y. 487; Allen v. Ackley, 4 How. Pr. 5.

Young, J. The plaintiff has appealed from an order vacating a judgment in an action to quiet title and permitting one Ethel May Southard to appear and defend. The action was brought under chapter 5, p. 9, Laws of 1901. The summons was served by publication and named as defendants, "Usher D. Shafer, Syl-

vester Conkling, Mary E. Conkling, Mortgage Bank & Investment Company, a corporation, A. B. Guptill, as receiver of the Mortgage Bank & Investment Company, a corporation, Mary F. Howard, and all other persons unknown, claiming any estate in or lien or incumbrance upon the property described in the complaint, and their unknown heirs." The moving papers show that the above-named Mary F. Howard died in Parksville, Mo., on April 20, 1890, and that the respondent, Ethel May Southard, is her sole heir. The action was commenced on February 28, 1903. Judgment was entered on September 29, 1903, quieting title in the plaintiff against all adverse claims of the defendants and all persons claiming through or under them. The respondent was not named in the summons and was not served, unless the description "unknown heirs" in the published summons was sufficient to give jurisdiction. On September 29, 1904, which was just one year from the date of entry of judgment, she procured an order to show cause why the judgment should not be set aside as to her and she be permitted to defend. The order was returnable on October 8, 1903. Her moving affidavit and proposed answer show that Mary F. Howard, who is named in the summons as one of the defendants, was the owner of the land in question at the time of her death; that the applicant is her sole heir; and is now the owner of the fee, and has a good defense to the action. On the return day, to wit, October 8, 1904, and more than one year after the entry of the judgment, of the trial court, after considering the affidavits submitted in support of and in opposition to the motion, made the order from which this appeal was taken.

The plaintiff urged (1) that the court had no power to open the judgment after one year; (2) that the applicant had not sufficiently excused her default; and (3) that her affidavit of merits was not sufficient. The same objections are urged in this court as grounds for reversal. None of these several questions need be considered. They are all based upon the assumption that chapter 5, p. 9, Laws of 1901, to the extent that it attempts to confer jurisdiction over "unknown heirs" by thus designating them in the published summons, is valid. Since this case was submitted the validity of that portion of the act was before us in Fenton v. M. T. & F. Co., 109 N. W. 363, and we held that as to persons not named in a summons published under the authority of that act the proceedings did not constitute "due process of law," and that a judgment so

rendered is void as to those who are not named or personally served and do not appear. The decision in that case is controlling. As to the applicant in this case, the judgment was void. Judgment having been entered without jurisdiction, the statutory limitation of one year for applying for relief has no application. She was in no respect in default, and was not subject to the statutes and rules which apply in such cases. Freeman v. Wood, 11 N. D. 1, 88 N. W. 721; Heffner v. Gunz, 29 Minn. 108, 12 N. W. 342; Magin v. Lamb, 43 Minn. 80, 44 N. W. 675, 19 Am. St. Rep. 216; Coughran v. Markley, 15 S. D. 37, 87 N. W. 2, Aetna Life Ins. Co. v. McCormick, 20 Wis. 265; Weatherbee v. Weatherbee, 20 Wis. 499. See, also, Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095, and Phelps v. McCollam, 10 N. D. 536, 88 N. W. 292.

The record in this case shows that as to the applicant for relief the judgment was void. The order vacating was therefore properly made and must be sustained. Such will be our order. All concur.