Argued March 18, decided May 25, 1909.

## WHITE v. BROWN.

[101 Pac. 900.]

CERTIORARI—ASSIGNMENT OF ERRORS—NATURE AND PURPOSE.

1. The statutory demand that errors relied on to set aside or correct the proceedings of an inferior tribunal must be assigned in the petition, for the writ is to advise the court and the adverse party of the particular questions to be considered in determining the merits of the controversy.

JUSTICES OF THE PEACE—PROCEEDINGS TO PROCURE WRIT—SUFFICIENCY OF PETITION.

2. Section 596, B. & C. Comp., provides that the writ of review shall describe with convenient certainty the decision or determination sought to be reviewed, setting forth the errors alleged to have been committed therein. Section 597 requires a petition for a writ of review to state such facts as from an inspection of the averments would primarily show that the inferior court, officer, or tribunal appears to have employed its functions erroneously in the

exercise of judicial authority, or to have exceeded it or his jurisdiction. A petition to review the action of a justice of the peace in vacating a judgment on the ground that he was without jurisdiction set forth docket entries showing that an action to recover money was begun by plaintiff against defendant in a certain justice's district, that the place of trial was thereafter changed to a justice court of a certain other precinct, where, on a specified date, were filed a transcript and original papers consisting of the complaint, answer, reply, motion, and affidavit for a change of venue; that, on a subsequent date the cause was tried in that court, and judgment rendered for plaintiff, and that thereafter the justice of such precinct, on defendant's motion, vacated the judgment on the ground that his court was without jurisdiction of the action, and, in referring to his action, stated that he "erred in vacating and setting aside said judgment" and "exceeded his jurisdiction in making and entering an order vacating and setting aside said judgment," and "that the making and entering of said order is a material injury to a substantial right of the plaintiff." *Held*, that the petition sufficiently assigned the errors complained of.

APPEAL AND ERROR—DECISIONS REVIEWABLE—MOTION TO OPEN JUDGMENT.

3. Where on a writ of review of proceedings of a justice of the peace, the case had been determined by the circuit court, a motion by the defeated party to open the judgment so as to require the justice to make a more complete return to the writ will be treated as a motion for a new trial, denial of which is not reviewable except in case of manifest abuse of discretion.

APPEAL AND ERROR—REVIEW—PRESUMPTIONS—CHANGE OF VENUE IN JUSTICE COURT.

4. As it will be presumed pursuant to Section 788, subd. 15, B. & C. Comp., that official duty has been performed, where it is impossible to say from a transcript on appeal that a precinct was not the proper district for the transfer of a cause in justice court on a change of venue, it will be taken for granted that the justice of such precinct was the person to whom it was properly transferred as the nearest justice pursuant to Section 2215; that the court had jurisdiction of the subject-matter, and that, as the answer was filed, it also had jurisdiction of defendant against whom judgment was rendered.

JUSTICES OF THE PEACE—JUDGMENTS—VACATION.

5. The specifications by Sections 103, 2237, B. & C. Comp., of mistake, inadvertence, surprise, or excusable neglect, as grounds for opening a judgment in a justice's court, excludes all others, and, though pursuant to Section 924 a justice's court is always open for the transaction of business, it is powerless to set aside a valid judgment except for the reasons specified.

From Josephine: HIERO K. HANNA, Judge.

Special proceeding in the circuit court by E. H. White to review proceedings in a justice's court in an action by the petitioner against O. S. Brown. An order of the justice's court setting aside the judgment in favor of defendant Brown was annulled, and he appeals.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Oliver S. Brown*, in *pro. per.*

For respondent there was a brief over the name of *Mr. J. N. Johnston*, with an oral argument by *Mr. Louis E. Bean*.

Opinion by MR. CHIEF JUSTICE MOORE.

This is a special proceeding to review the action of an inferior tribunal. A writ of review was issued, pursuant to a petition therefor, and the return to the writ, which was made to the circuit court for Josephine County, consists only of certified copies of two entries made by a justice of the peace in his docket, which show that an action to recover money was commenced by the plaintiff against the defendant herein in the justice's district of Grants Pass; that the place of trial was thereafter changed to the justice's court of Slate Creek precinct, where on August 16, 1907, were filed the transcript and the original papers in the action, to-wit, the complaint, summons, answer, reply, motion and affidavit for a change of venue; that on October 2, 1907, in the absence of the defendant, the cause was tried in the court to which it was transferred, and judgment was rendered against him for the sum of $20 and for the disbursements taxed at $3.55; and that on October 17, 1907, the justice of the peace of Slate Creek precinct, on motion of the defendant, vacated the judgment on the ground that his court was without jurisdiction to try the action. After the return was filed, the defendant moved to quash the writ and to dismiss the proceedings, for the reason that the petition did not state facts sufficient to authorize the granting of the relief invoked. No order, however, appears to have been made disposing of the motion. At the trial in the circuit court the order of the justice of the peace setting aside the judgment was annulled, and the cause remanded, with directions to restore and enforce the judgment as originally rendered. From the latter judgment the defendant appeals to this court, contending that the petition for the writ of review is insufficient, because it

does not set forth the errors alleged to have been committed by the justice of the peace of Slate Creek precinct.

1. The statute regulating the practice in special proceedings contains, *inter alia,* the following provision:

"The writ shall be allowed by the circuit court or judge thereof, or by the county court or judge of the county wherein the decision or determination sought to be reviewed was made, upon the petition of the plaintiff, describing the same with convenient certainty, and setting forth the errors alleged to have been committed therein." Section 596, B. & C. Comp.

The petition initiating the proceedings sets forth the facts, in effect, as detailed in the docket entries mentioned, and, referring to the officer who annulled the original determination, contains the following statements:

"That said justice of the peace erred in vacating and setting aside said judgment, and that said justice of the peace exceeded his jurisdiction and authority in making and entering an order vacating and setting aside said judgment; that the making and entering of said order is a material injury to a substantial right of the plaintiff."

A petition for a writ of review should state such facts as from an inspection of the averments would primarily show that the inferior court, officer, or tribunal appears to have employed such functions erroneously in the exercise of judicial authority or to have exceeded it or his jurisdiction. Section 597, B. & C. Comp. In assigning a reason for requiring the errors alleged to have been committed to be set forth in a petition for a writ of review, which is equivalent to the common-law remedy of *certiorari,* the editors of the Encyclopedia of Pleading and Practice (volume 4, p. 149) make the following observation:

"This must be done in order that the court or the judge sitting at chambers to whom application is made may see that there is *prima facie* good ground for the issuance of the writ."

We believe, however, that the statutory demand that errors relied upon to set aside or correct the proceedings

of an inferior tribunal must be assigned is designed to advise the court and the adverse party of the particular questions to be considered in determining the merits of the controversy. *Southern Oregon Co.* v. *Coos County,* 30 Or. 250 (47 Pac. 852).

2. An examination of that part of the petition hereinbefore quoted will show that the error alleged to have been committed is the vacating of the judgment, in annulling which it is asserted that the justice of the peace exceeded his jurisdiction, to the injury of a substantial right of the plaintiff. The petition, though not so specific as it might have been, assigns the errors complained of with such certainty as to notify the court and the defendant of the precise inquiry intended to be raised at the trial, and in our opinion the statement of errors is sufficient for that purpose.

3. After the case at bar had been determined by the circuit court, the defendant moved to open the judgment so as to require the justice of the peace to make a more complete return to the writ of review by sending up certified copies of affidavits showing, it is affirmed, that the justice of the Merlin district was nearer than the justice of Slate Creek precinct. No ruling appears to have been made on such motion. The application for the order invoked will be treated as a motion for a new trial, the denial of which is not reviewable, except in cases of an abuse of discretion that is not apparent herein.

4. The statute prescribes that, when a cause is at issue in a justice's court, the venue may be changed upon motion to the nearest justice. Section 2215, B. & C. Comp. It is impossible to say from an inspection of the transcript before us that Slate Creek precinct was not the proper district. It was incumbent upon the justice of the peace of the Grants Pass district to transfer the cause to the nearest justice, and, as it will be presumed that official duty has been regularly performed (Section 788, subd. 15, B. & C. Comp.), we must take it for granted

that the justice of the peace of Slate Creek precinct was the person to whom the cause was properly transferred; that his court had jurisdiction of the subject-matter; and that, as an answer was filed, it also had jurisdiction of the person of the defendant.

5. The statute regulating the practice in inferior tribunals is, so far as involved herein, as follows:

"The rules in justices' courts governing mistakes in pleadings, * * vacating * * judgments for mistake, inadvertence, surprise, or excusable neglect * * shall be as prescribed in the Code of Civil Procedure for actions in courts of record." Section 2237, B. & C. Comp.

That part of the procedure thus referred to, which is applicable to the case at bar, is as follows:

"The court may, * * in its discretion, and upon such terms as may be just, * * at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." Section 103, B. & C. Comp.

It does not appear from the return to the writ, that the judgment originally given by the justice's court of Slate Creek precinct, was rendered against the defendant in consequence of any of the causes enumerated in the statute; and, as these are the only grounds specified, the mention of them necessarily excludes all others. Though a justice's court is always open for the transaction of business (Section 924, B. & C. Comp.), it is powerless to set aside a valid judgment which it has rendered, except for the reasons specified, which do not exist in the case at bar. *Griffin* v. *Pitman,* 8 Or. 342; *American B. & L. Ass'n* v. *Fulton,* 21 Or. 492 (28 Pac. 636); *Meinert* v. *Harder,* 39 Or. 609 (65 Pac. 1056).

The judgment originally rendered by the justice of the peace, being presumptively valid, was erroneously vacated; and, this being so, the circuit court properly annulled the vacating order. Hence the judgment is affirmed.                                        Affirmed.