IN THE

# SUPREME COURT

OF

# OREGON

Argued September 19, decided October 3, 1911.

## HODGDON *v*. GOODSPEED.

[118 Pac. 167.]

CERTIORARI—PETITION—SUFFICIENCY.

1. A petition for review of the county court's denial of a motion to set aside a default judgment, on the ground that petitioner had never been in default, which alleges that the defendants in the proceeding were the county judge and clerk respectively, sets out copies of all the papers filed in the action mentioned and the orders made and judgment rendered therein, avers that the county court exercised its judicial functions erroneously and exceeded its jurisdiction, to the injury of the substantial rights of the petitioners, and sets forth, in concise order, the errors alleged to have been committed, and which is verified by the proper certificate of an attorney, complies with the requirements of the statute, and is sufficient to authorize the issuance of a writ of review.

JUDGMENT—ENTRY—"MINISTERIAL ACT."

2. Under Section 185, L. O. L., which provides that in an action arising upon contract for the recovery of money or damages only, if no answer is filed within the time limited, the clerk on the plaintiff's written application shall enter the default, and thereupon give judgment for the sum demanded against one or more of the defendants amenable by appearance on service of process, the clerk in entering such judgment exercises no judicial functions, but performs a "ministerial act," which in general consists in the discharge of some duty enjoined by law upon one or more persons, who in obeying the rule prescribed, exercise no judgment or discretion regarding the matter.

CERTIORARI—JUDICIAL PROCEEDINGS.

3. Certiorari lies only to review judicial or *quasi* judicial proceedings, and not ministerial acts.

JUDGMENT—DEFAULT—ENTRY—VALIDITY.

4. Where a clerk of the court is authorized to enter judgment upon default, but makes a mistake as to the amount due plaintiff, the judgment is not void, but erroneous; but, where he enters a judgment which is wholly unauthorized, the judgment is void.

JUDGMENT—AMENDMENT AND CORRECTION—DUTY OF COURT.

5. When a void judgment is called to the attention of the court in which it was entered, that tribunal must purge its record by canceling the entry.

CERTIORARI—JUDICIAL NATURE OF PROCEEDINGS.

6. Where a court upon application refuses to set aside a void judgment, its invalidity is attempted to be upheld, and the court in refusing to set aside the judgment exercises judicial functions erroneously, and a writ of review will lie to cancel the entry of a void judgment, when the court refuses to do so.

JUDGMENT—DEFAULT—ENTRY OF JUDGMENT—VALIDITY.

7. A default judgment, entered by the court before the defendant is in fact in default, though irregular, is not void, because the parties, being in court, must take notice of all proceedings therein by which their interests are affected, in so far as the court determines that the cause is ripe for judgment, and any mistake in that particular constitutes only error; but the clerk's entry of a default judgment, in an action on a contract, as authorized by Section 185 L. O. L., is only the exercise of statutory authority, and his failure to observe the several requirements of the statute makes the judgment he attempts to enter void.

From Tillamook: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE MOORE.

This is a special proceeding by George N. Hodgdon and Marvin Hodgdon against H. F. Goodspeed, County Judge, J. C. Holden, County Clerk and L. D. Krake to review the action of an inferior tribunal. Pursuant to a petition for a writ of review, the writ was issued, and the return shows that L. D. Krake commenced an action in the county court of Tillamook County against George N. Hodgdon and Marvin Hodgdon, to recover $367 as damages for an alleged breach of an agreement. An amended complaint was filed October 25, 1909, and service thereof acknowledged on that day, but no order was ever made prescribing the time in which an answer should be filed. The averments of the amended complaint not having been controverted, the county clerk, on the plaintiff's written application, recorded a default

December 18, 1909, and thereupon entered judgment against the defendants for the sum demanded. Three days thereafter a motion was interposed to set aside the judgment, on the grounds that it was rendered through surprise, inadvertence, and excusable neglect, in that an agreement had been made by the parties, whereby no answer was to be filed during negotiations for a settlement of the controversy, which were then pending, nor until one of the defendants' attorneys, who was absent, returned, not later than December 31, 1909, and that he had not arrived when the judgment was entered. The motion was supplemented by an affidavit, and an answer to the merits was tendered. Plaintiff's counsel filed a counter affidavit, which sets forth that it was understood that no answer was to be filed until December 15, 1909. Defendants' counsel, on December 29, 1909, filed another motion to set aside the judgment, for that no time had been fixed by the court in which to answer, and that their clients had never been in default, supplementing the application by an affidavit. The county court, on January 11, 1910, denied the motion, to review which order these proceedings were instituted by George N. and Marvin Hodgdon against H. F. Goodspeed and J. C. Holden, as county judge and clerk, respectively, and L. D. Krake. The record, papers, etc., having been certified up to the circuit court, the judgment of the county court was annulled, and the cause remanded, with directions to fix a time in which the answer in such action should be filed, and from the latter judgment Krake alone appeals.                    AFFIRMED,

For appellant there was a brief and an oral argument by *Mr. Oak Nolan.*

For respondent there was a brief with oral arguments by *Messrs. Holmes & Handley.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is insisted that the petition for the review did not

state facts sufficient to authorize the issuance of the writ, in refusing to quash, which, an error was committed. A petition in such case must describe with convenient certainty the decision or determination of the inferior court, officer, or tribunal complained of, set forth the errors alleged to have been committed, be signed by the plaintiff or his attorney, and verified by the certificate of an attorney of the court, to the effect that he has examined the process or proceeding, and the decision or determination therein, and that the same is erroneous, as alleged in the petition. The petition, the sufficiency of which is assailed, alleges in effect that the defendants in the proceeding, Goodspeed and Holden, are the county judge and clerk, respectively, of Tillamook County; sets out copies of all the papers filed in the action mentioned, and the orders made and the judgment rendered therein, as hereinbefore stated; avers that the county court exercised its judicial functions erroneously, and exceeded its jurisdiction, to the injury of the substantial rights of the plaintiffs herein, setting forth in concise order the errors alleged to have been committed. The petition is also verified by the certificate of an attorney of the court in the manner prescribed. The adverse parties and the court were thus advised of the particular questions to be determined, and the errors alleged to have been committed are assigned with particularity. The petition complied with the requirements of the statute, and was sufficient to authorize the issuance of the writ. *Southern Oregon Co.* v. *Coos County,* 30 Or. 250 (47 Pac. 852) ; *White* v. *Brown,* 54 Or. 7 (101 Pac. 900).

2, 3. It is maintained that the circuit court did not have jurisdiction of the cause, and for that reason an error was commited in denying the motion to quash the writ. It is argued that the entry of the judgment by the county clerk was a ministerial act, the performance of which cannot be reviewed. A ministerial act

consists in the discharge of some duty enjoined by law upon one or more persons, who, in obeying the rule prescribed, exercise no judgment or discretion regarding the matter. 5 Words and Phrases, 4523. Review is the statutory remedy, enacted in lieu of *certiorari,* and the writ and its return are employed to determine whether or not an inferior court, officer, or tribunal, in the exercise of judicial functions, has applied such power erroneously, or has exceeded the jurisdiction conferred. Section 605, L. O. L. Judicial or *quasi* judicial acts only can be reviewed. Harris, *Certiorari,* § 48; *Thompson* v. *Multnomah County,* 2 Or. 34; *Burnett* v. *Douglas County,* 4 Or. 388. In an action arising upon contract, for the recovery of money or damages only, if no answer be filed within the time limited, the clerk, upon the plaintiff's written application therefor, is required to enter the default, and thereupon to give judgment for the sum demanded against one or more of the defendants who have been rendered amenable by appearance or service of process. Section 185, L. O. L. In entering a judgment upon default, the clerk acts in a ministerial capacity, exercises no judicial funtions, and must conform ·strictly to the provisions of the statute, or his proceedings will be without any binding force. *Kelly* v. *Van Austin,* 17 Cal. 564.

4. When the clerk is authorized to enter judgment upon default, but, in the employment of the power conferred, makes a mistake as to the amount due plaintiff, the judgment is not void, but erroneous; but, where he enters a judgment which is wholly unauthorized, the judgment is void. *Bond* v. *Pacheco,* 30 Cal. 530.

5, 6. When a void judgment is called to the attention of a court in which it was entered, it is incumbent upon that tribunal to purge its records of the nullity by canceling the entry. *Huffman* v. *Huffman,* 47 Or. 610 (86 Pac. 593: 114 Am. St. Rep. 943); *Rynearson* v.

*Union County,* 54 Or. 181 (102 Pac. 785). If upon application a void judgment is not set aside, the invalidity is attempted to be upheld, whereby the court, in refusing to discharge the duty thus devolving upon it, exercises judicial functions erroneously. Though a void judgment can be collaterally assailed, the better rule, in our opinion, supports the principle that a writ of review will lie to cancel the entry of a void judgment, when a court refuses to perform that duty. 4 Pl. & Pr. 49. We conclude that the trial court had jurisdiction of the cause, and that no error was committed in refusing to quash the writ on that ground.

7. The remaining question is whether or not the judgment entered by the county clerk against the defendants in the action, but who are plaintiffs herein, is void. It will be remembered that an amended complaint had been filed in the action, but that no time had been prescribed by the court in which an answer should have been filed. The statute regulating the practice in such cases is as follows:

"If the complaint be amended, a copy thereof shall be served on the defendant or his attorney, and the defendant shall answer the same within such time as may be prescribed by the court; and if he omit to do so, the plaintiff may proceed to obtain judgment as in other cases of failure to answer." Section 70, L. O. L.

Due service of the amended complaint had been admitted by defendants' counsel, so that jurisdiction of the subject-matter and of the parties had been secured. As no time had been fixed in which an answer should have been filed, the defendants were not in default. If judgment had been rendered against them by the court, instead of the clerk, it is quite probable that, because they were not given all the time allowed by law to plead, the judgment would not have been a nullity, or subject to collateral attack. *Woodward* v. *Baker,* 10 Or.

491; *Altman* v. *School District*, 35 Or. 85 (56 Pac. 291: 76 Am. St. Rep. 468). Judgment in such cases, though considered irregular, are not treated as void, on the ground that the parties being in court must take notice of all proceedings therein by which their interests are affected, in so far as the court determined from an inspection of the papers before it that the cause was ripe for judgment, and any mistake in that particular constitutes only an error. This principle can have no application to a county clerk in entering a default and judgment, for, having no judicial power, he exercises only statutory authority, and if he fails to observe the several requirements thereby imposed upon him, or governing the proceedings, the judgment he attempts to enter is void. *Kelly* v. *Van Austin*, 17 Cal. 564.

Believing the judgment brought up to the circuit court for review was void, no error was committed in annulling the entry and in remanding the cause, with directions to fix a time in which the answer should be filed.

It follows that the judgment appealed from should be affirmed, and it is so ordered.          AFFIRMED.