Argued January 5, reversed and remanded February 15, petition
for rehearing denied April 11, 1950

# SMITH *v.* HICKEY ET AL.

214 P. (2d) 805
216 P. (2d) 268

*Alton John Bassett,* of Portland, argued the cause for appellants. With him on the briefs was William J. Crawford, of Portland.

*W. B. Shively,* of Portland, argued the cause and filed a brief for respondent.

Before LUSK, Chief Justice, and BRAND, BELT, HAY and PAGE, Justices.

BELT, J.

The purpose of this suit is to set aside as void a decree of divorce purporting to adjudicate the rights of the parties in and to certain real property in Portland, Oregon, for the reason that the court did not obtain jurisdiction of the person of the defendant. The plaintiff in the divorce proceeding died on the day after the decree was entered. The marriage relationship was therefore terminated regardless of the validity of the decree. It is alleged that at the time of her death, Margaret F. Smith left as her sole heirs at law the plaintiff herein and defendant Nelle B. Hickey. The court overruled a general demurrer to the complaint and, upon the refusal of the defendants further to plead, entered a decree in accordance with the prayer of the complaint. From this decree the defendants have appealed.

It appears from the complaint that Margaret F. Smith and the plaintiff were married on the 18th day of October, 1923. During their marriage, the plaintiff and Margaret F. Smith acquired, as tenants by the entirety, title to Tax Lot N, Block 5, Fernwood Addition in the city of Portland. In December, 1947, Margaret F. Smith commenced a suit for divorce against the plaintiff, and the cause came on for hearing on February 13, 1948. On February 17, 1948, a decree of divorce was rendered dissolving the marriage and adjudging that the plaintiff therein was the sole owner of the property in controversy free from any claim of right, title or interest of the defendant therein. If the decree of divorce is valid, the court was, by virtue of § 9-912, O. C. L. A., as amended by Oregon Laws, 1941, c. 407, and by Oregon Laws, 1947, c. 557, authorized to award to plaintiff the right or interest of de-

fendant in the property in controversy, if deemed to be "just and proper in all the circumstances." *Siebert v. Siebert,* 184 Or. 496, 199 P. (2d) 659, decided November 23, 1948.

In the decree of divorce it was recited that the defendant entered no pleading in the cause but was "represented in this Court by W. B. Shiv*ley*, his attorney." The Judgment of Default—dated February 18, 1948—was entered nunc pro tunc as of February 13, 1948. On February 19, 1948, an Affidavit of Non-Military Service and an Affidavit of Mailing were filed. The decree in the divorce proceeding is attached to the complaint, marked as Exhibit A and made a part thereof. There is also attached to the complaint and made a part thereof the Affidavit for Publication of Summons, and other parts of the Judgment Roll pertaining to constructive service of process.

In the complaint it is alleged:

"That defendant in said divorce proceeding was not served with summons and complaint therein within the State of Oregon *nor did he authorize any attorney or person whomsoever to appear for him in said proceeding.*" (Italics ours.)

The defendants assert that the court acquired jurisdiction of the person of the defendant in the divorce proceeding for two reasons: (1) the defendant therein made a general appearance by his attorney, W. B. Shively; and (2) substituted service of summons was duly had on the defendant. The plaintiff claims that jurisdiction was not obtained, and, therefore, the decree is null and void because: (1) neither W. B. Shively nor any other person was authorized by him to make an appearance in the divorce proceeding; and (2) there is

a substantial failure to comply with the statute relative to substituted service of summons.

■ In our opinion, the complaint is vulnerable to demurrer for the reason that it is not alleged that defendant in the divorce proceeding had a meritorious defense. We are not unmindful that this question has not been presented in the brief of appellants and that it is one over which there is a conflict of authority. It is believed, however, that this court, in the interest of justice, is justified in taking cognizance thereof.

■ It is estatblished by the great weight of authority that a party is not, as a general rule, entitled to such equitable relief unless he has a meritorious defense. 31 Am. Jur., Judgments, 256, § 699; 49 C. J. S., Judgments, 705, § 349; notes: 118 A. L. R. 1498, 39 A. L. R. 414. Where the decree is not void on its face, why should the plaintiff be entitled to relief in equity without alleging and showing that the decree rendered was unjust and that he had a meritorious defense? "He who seeks equity must do equity." Equity acts only in furtherance of justice. The decree was not void on its face. Neither are we concerned with a case wherein a court has acted in a matter entirely foreign to its jurisdiction. Under such state of the record it would not be necessary to show a meritorious defense. The court of its own motion would vacate the decree. The plaintiff herein knew of the pendency of the divorce proceding and had an opportunity to answer if he cared to do so.

In 3 Freeman, Judgments (5th ed.) 2468, § 1189, it is said:

"* * * a preponderance of the decisions upon this subject declares that, notwithstanding an alleged want of service of process, a court of equity

will not interfere to set aside a judgment until it appears that the 'result will be other or different from that already reached  \*   \*   \*.' "

In 6 Pomeroy, Equitable Remedies, 1120, § 667, the eminent author states:

"In cases where the ground of attack on the judgment is want of jurisdiction, as where there is no service of summons, there is a conflict of authority; but the prevailing view is that even there a good defense on the merits must be shown." Citing numerous authorities in support of the text, among which is Handley v. Jackson, 31 Or. 552, 50 P. 915, 65 Am. St. Rep. 839.

It is true that the author refused to approve the majority rule in cases where the decree is void and the defendant did not have an opportunity to have his day in court. In the instant case the plaintiff herein did have such opportunity and was not denied due process.

The decisions of this court cannot be reconciled on the question at bar. In the early case of *Handley v. Jackson,* supra, decided in 1897, Justice Wolverton approved the majority rule requiring that a meritorious defense be shown to obtain such equitable relief. In that case, however, a meritorious defense was pleaded and the court stated that the plaintiff had thereby brought himself "within the requirements of the generally accepted rule  \*   \*   \*."

*Meinert v. Harder,* 39 Or. 609, 65 P. 1056, decided in 1901, was a suit to set aside a judgment. Justice Moore, speaking for the court, said:

"The rule in equity in this class of cases is announced by the Supreme Court of Nebraska in Bankers' Life Ins. Co. v. Robbins, 53 Neb. 44 (73

N. W. 269), as follows: 'A party against whom a judgment has been rendered by default, which judgment is void for want of jurisdiction over the person of the defendant, is not entitled to an injunction to restrain the enforcement of such judgment, unless it appears both from his pleadings and proof (1) that he has a meritorious defense to the cause of action on which the judgment is based   *   *   *.' "

No reference was made to *Handley v. Jackson,* supra.

In *Finch v. Pacific Reduction and Chemical Mfg. Co.,* 113 Or. 670, 234 P. 296, a proceeding to set aside a judgment, the court—Justice Brown speaking—said:

"It is a well-established rule of law that relief from a judgment which is void for want of service of process upon the defendant may be had without regard to the time when the judgment was entered, and, without the showing of merit, or the excuse required by law where jurisdiction has attached: Skjelbred v. Shafer, 15 N. D. 539 (108 N. W. 487, 125 Am. St. Rep. 614)."

No reference was made to *Handley v. Jackson,* supra, or *Meinert v. Harder,* supra. This decision unquestionably adopts the minority rule that a meritorious defense need not be shown to set aside a void judgment.

In *Dixie Meadows Independence Mines Co. v. Kight,* 150 Or. 395, 45 P. (2d) 909, the court—speaking through Justice Bean—said:

"It is not necessary to plead a defense to a void judgment where the court had no jurisdiction to render the same   *   *   *." Citing Finch v. Pacific Reduction and Chemical Mfg. Co., supra.

*Piggott v. Addicks,* 3 G. Greene 427, 56 Am. Dec. 547, an early Iowa decision cited by Justice Wolverton in

*Handley v. Jackson,* supra, is particularly in point. In that case a petition was filed in equity to set aside a judgment wherein it was alleged that no service, actual or constructive, was ever had on the defendant, and that an attorney appeared in the law action without any authority and filed a demurrer to the complaint therein. A demurrer was interposed to the petition to vacate the judgment for the reason:

" 'The petition does not state that the sum of money for which the judgment was rendered was not due to the plaintiffs, or that the judgment operated oppressively upon the defendant, or that he had any defense at law. The petition does not allege that the party resorted to his legal remedy, viz., a motion to set aside the judgment, and the petitioner has, and had, such remedy and can avail himself of it.' "

On appeal it was held that the demurrer was properly sustained, the court stating:

"Before the plaintiff should be permitted to set aside the judgment, it was incumbent upon him to state in his petition that it was unjust, and that he did not owe the amount for which judgment was rendered. There is no propriety in setting aside a judgment and opening the door for further litigation, if the result is to be the same. Such a proceeding would only delay the creditor in the collection of an honest debt, and be of no possible advantage to the debtor.

"If it had appeared by the showing of the plaintiff that he had a meritorious defense to the claim, or any part of it, and that he had been deprived of making such defense by the unauthorized appearance of an attorney, then, upon a proper application, the court should have opened the judgment for the purpose of permitting such defense. But there is no pretense of defense, or that the judgment is

not just, or that it could in any manner be reduced upon a second trial. The door of equity is only open to such as have been or may be injured, and before chancery will take jurisdiction the injury sustained or apprehended should be clearly set forth in the petition. The appearance of McLennin as counsel is *prima facie* evidence that he had authority from the defendant to do so, and before his act as counsel could be avoided it was necessary to show in the petition that an injury resulted from such appearance."

█ In our opinion, if a decree is regular on its face and the court had jurisdiction of the subject matter, a party against whom it was rendered and having knowledge of the pendency of the suit and an opportunity to be heard, will not be entitled to vacate the decree without pleading and proving a meritorious defense. *Finch v. Pacific Reduction and Chemical Mfg. Co.*, supra, and *Dixie Meadows Independence Mines Co. v. Kight*, supra, in so far as they are in conflict with this opinion, must be deemed to be overruled.

In view of our conclusion relative to the necessity of pleading a meritorious defense, it is not necessary to discuss the question of the validity of the constructive service of process in the divorce proceeding or whether jurisdiction of the person of the defendant was obtained through general appearance of an authorized attorney.

The general demurrer to the complaint ought to have been sustained. The decree setting aside the decree of divorce for want of jurisdiction is reversed. The cause is remanded to permit plaintiff to file an amended complaint within twenty days from the date of the mandate herein, if he sees fit to do so. In the event an amended complaint is filed, the defendant

may answer or otherwise plead thereto. Defendant is entitled to costs and disbursements.

PAGE, J., did not participate in this decision.

---

ON PETITION FOR REHEARING

Before LUSK, Chief Justice, and BRAND, BELT and HAY, Justices.

BELT, J.

On petition for rehearing:

██ It is earnestly urged that the court erred in holding that the plaintiff is not entitled to the equitable relief of vacating or setting aside the decree of divorce for the reason that no meritorious defense to the complaint in such proceeding was alleged. In our opinion the fallacy of such contention lies in the assumption that the decree of divorce was void on the face of the record. It is conceded—and it was definitely so held in the opinion on original hearing—that if the decree was void on its face, a meritorious defense need not be alleged. We adhere to that position. Jurisdiction of the plaintiff—the defendant in the divorce suit—could have been acquired by (1) valid constructive service of process, or (2) general appearance in court by an attorney authorized to appear for him. The court in its decree recited that the defendant therein was "rep-

resented in this Court by W. B. Shiv*l*ey, his attorney." It is presumed that Mr. Shively was authorized to represent the defendant. It is reasonable to assume that Shively, being an officer of the court, would not make an appearance for a client unless he was authorized to do so. To avoid the legal effect of the recital in the decree, plaintiff in the instant suit alleged:

> "That defendant in said divorce proceeding was not served with summons and complaint therein within the State of Oregon nor did he authorize any attorney or person whomsoever to appear for him in said proceeding."

■ The decree is regular and valid on its face. If, in fact, Mr. Shively was not authorized to represent the defendant in the divorce proceeding, he would not be bound thereby and the court could not have acquired jurisdiction over his person by reason thereof. What has been said is aside from the question of the validity of the constructive service of process.

■ After having again given careful consideration to this cause, we are convinced that plaintiff is not entitled to the equitable relief sought. In this petition for rehearing plaintiff does not contend that the decree of divorce rendered against him was unjust or that he did not have actual knowledge of the pendency of the suit.

The petition for rehearing is denied.