Argued 20 February; decided 17 March, 1902.

## FERGUSON *v*. BYERS.

[67 Pac. 1115, 69 Pac. 32.]

SUFFICIENCY OF PETITION FOR WRIT OF REVIEW.

1. Under a statute such as Hill's Ann. Laws, § 584, which requires a petition for a writ to review the decision of an inferior tribunal to describe with convenient certainty the judgment to be reviewed, and to set forth the alleged errors, and section 585, which provides that the writ shall issue when the inferior court appears to have exercised its functions erroneously, or to have exceeded its jurisdiction to the injury of some substantial right of the petitioner, it is not necessary that the petition should set forth distinctly that the petitioner has been injured, since that is a mere conclusion from the statement of the particulars in which the lower court erred.

JURISDICTION OF JUSTICE'S COURT—AMOUNT OF CLAIM.

2. The jurisdiction of a justice's court in Oregon is to be determined by the *ad damnum* clause of the complaint, and not by the amount of the judgment, and if the complaint prays for more than the jurisdictional amount the court is without jurisdicition; and further, where the complaint prays for a sum in excess of the jurisdictional amount, the remission of the excess at the time of trial will not confer jurisdiction: *Troy* v. *Hallgarth,* 35 Or. 162, applied.

APPEAL—DEFINITENESS OF OBJECTIONS TO COST BILL.

3. Under Section 556 of Hill's Ann. Laws, objection to a cost bill should be sufficiently definite to apprise the adverse party of the particulars wherein the disputed items are claimed to be unwarranted, and this rule is sufficiently complied with by a series of objections stating that the alleged cost of the transcript is excessive because it was for unnecessary documents, and that the abstract contains a certain amount of irrelevant matter, and that the cost of printing the brief, exclusive of repetitions and irrelevant matter, would not exceed a stated amount.

COST OF APPEAL—UNNECESSARY MATTER IN TRANSCRIPT.*

4. Under Rules 1 and 2 of the supreme court (35 Or. 587, 588), a transcript should contain only the papers specified therein, and where other papers have been copied into the record the charge for such copying should not be allowed in the cost bill; as, for example, the losing party should not be obliged to pay for the repetition of the title of the case, the repetition of the cost bill, the file marks on the papers, the signatures of officers and attorneys, and such irrelevant matter.

COST OF PRINTING UNNECESSARY MATTER IN ABSTRACTS.**

5. Parties who include unnecessary matter in their abstracts, or who un-

---

*NOTE.—The expense of preparing matter included in the transcript contrary to the limitation of Rule 2 cannot be taxed, under Rule 24: *Albert* v. *Salem,* 39 Or. 466 (66 Pac. 233); *Hammer* v. *Downing,* 39 Or. 505 (67 Pac. 30).—REPORTER.

**NOTE.—The habit of printing in the abstract matter not reasonably designed to present the questions reserved for consideration on the appeal is a departure from both the terms and spirit of Rule 4, relating to the prepara-

necessarily repeat papers, and especially long indorsements and file marks, should not be allowed the expense of printing them, under Rules 4 and 24 (35 Or. 587, 591, 603).

COST OF UNNECESSARY MATTER IN BRIEF.

6. Parties printing briefs in the supreme court should not reproduce the matter required by the rules to be in the abstract, and where they do so the expense thereof should not be allowed as part of the costs.

COSTS ON APPEAL—CLERICAL EXPENSE.

7. A successful party in the supreme court is not entitled to recover as an item of costs the expense of copying paper used in preparing the case on appeal.

From Polk:  REUBEN P. BOISE, Judge.

This is a proceeding by a writ to review the judgment of a justice's court, and is on appeal from a judgment of the circuit court dismissing the writ.                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. Frank Holmes.*

For respondent there was a brief and an oral argument by *Messrs. B. F. Bonham* and *Carey F. Martin.*

MR. JUSTICE MOORE delivered the opinion.

. This is a proceeding to review a judgment of an inferior court. The defendant, in an action against the plaintiff in the justice's court of District No. 5, Polk County, alleged in her complaint that she was the owner and entitled to the possession of a bay mare valued at $100, a colt at $25, a bay horse at $100, a buggy at $20, and a set of harness at $4, which the plaintiff attached in said county in an action wherein C. L. Pearce was plaintiff and J. A. Byers defendant; that such seizure was wrongful, and by reason thereof she was damaged in the sum of $25, and prayed for the return of the property, or the value thereof in case a delivery could not be had, and the sum of $25 damages. A summons was issued, directed to

tion of abstracts, and the cost of such extra matter will not be allowed, under Rule 23, if seasonably objected to: *Young* v. *State,* 36 Or. 417 (60 Pac. 711) ; *Hammer* v. *Downing,* 39 Or. 505 (67 Pac. 30).—REPORTER.

the constable, commanding him to summon the plaintiff to appear at a time and place specified to answer said complaint. The return indorsed on the summons shows that the constable, not being able, after diligent search and inquiry, to find the plaintiff in said county, substituted service thereof was made upon his wife at his residence and usual place of abode. The plaintiff's counsel having appeared specially for that purpose, moved the court to quash the service of the summons on the ground that the copy thereof was not delivered at his residence and usual place of abode; but the motion was overruled, and plaintiff refused to further plead or answer, whereupon judgment was rendered against him for the possession of the property or for the sum of $249, the value thereof, the defendant's counsel waiving all damages for the alleged wrongful taking and detention. The petition by the plaintiff herein for the writ of review sets forth the errors alleged to have been committed by the justice's court, among which it is averred that it did not have jurisdiction of the subject-matter of the action. The writ having been issued by the circuit court for said county, the return thereto sets forth the facts in substance as hereinbefore stated, and, a trial being had, the writ was dismissed and the plaintiff appeals to this court.

1. The question to be considered is whether the judgment of the justice's court is void in consequence of a want of jurisdiction. As a preliminary matter, however, it is insisted by defendant's counsel that the petition for the writ of review does not state facts sufficient to entitle the plaintiff to the benefit of this special remedy, because it is not alleged therein that the justice's court exercised its functions erroneously to the injury of any substantial right of the plaintiff. The writ of review under our system of procedure is analogous to the common-law remedy by certiorari: Hill's Ann. Laws, § 582; *Dayton* v. *Board of Equaliz.* 33 Or. 131 (50 Pac. 1009). The statute provides, in effect, that it shall be allowed by the circuit or county courts, or by a judge thereof, upon the petition of the plaintiff, describing the decision sought to be reviewed, and setting forth the errors alleged to have been committed

therein: Hill's Ann. Laws, § 584; *Southern Oregon Co.* v. *Coos County,* 30 Or. 250 (47 Pac. 852). Before allowing the writ of review, the court ought to be reasonably satisfied, from an inspection of the petition, that the inferior court, officer, or tribunal, in the exercise of judicial functions, appears to have employed its or his power erroneously, or to have exceeded its or his jurisdiction, to the injury of some substantial right of the plaintiff: Hill's Ann. Laws, § 585. The petition in the case at bar described the judgment in the justice's court sought to be reviewed, and specified with particularity the errors alleged to have been committed; and, the plaintiff having thus complied with the necessary statutory requirements, the petition stated facts sufficient to entitle him to the relief demanded, without alleging therein that the decision resulted in injury to any of his substantial rights, which is a mere legal conclusion, to be deduced by the court from the averments of fact.

2. Considering the appeal on its merits, the statute limiting the amount in controversy is as follows: "A justice's court has jurisdiction, but not exclusive, of the following actions: * * * (2) For the recovery of specific personal property, when the value of the property claimed and the damages for the detention do not exceed two hundred and fifty dollars": Hill's Ann. Laws, § 908. It will be remembered that the defendant alleged in her complaint in the action to recover possession of the property that the value thereof is $249, and that in consequence of the unlawful seizure and detention she sustained damage in the sum of $25, thus making the amount in controversy, in case possession of the property could not be secured, the sum of $274, which is in excess of the jurisdiction of a justice's court, and its judgment is void unless the remission by defendant's counsel of the sum of $25 removes the objection: *Camp* v. *Wood,* 10 Watts, 118. While a diversity of judicial opinion exists as to what constitutes the amount in controversy, it is settled in this state that the sum thus involved is to be determined by the *ad damnum* clause of the complaint, and not by the amount of the judgment: *Troy* v.

*Hallgarth,* 35 Or. 162 (57 Pac. 374). The defendant not having remitted any part of the damage which she claims to have sustained until the judgment for the possession of the property was rendered, it is not necessary to consider whether a party can waive a part of his claim, so as to bring it within the jurisdiction of an inferior court; for, to accomplish this result, the remitter must be made when the action is begun; otherwise jurisdiction of the subject-matter is not secured: *Litchfield* v. *Daniels,* 1 Colo. 268. In that case it was held that, if the plaintiff limit the *ad damnum* in his declaration to $2,000, this shall operate to remit the excess over that sum to the defendant, the court saying: "If there be due on the instrument sued on $10,000, still if the plaintiff limits his claim to $2,000 the case is within the jurisdiction of the court. The limitation of his claim in the *ad damnum* operates *per se* as a remittance of whatever amount may be due in excess of $2,000."

A court's jurisdiction of the subject-matter of an action is determined, in the first instance, from an inspection of the allegations of a complaint. Such jurisdiction, however, may be defeated by the introduction of testimony at the trial, conclusively showing that the subject of the controversy is not within the limit of the court's power: *Corbell* v. *Childers,* 17 Or. 528 (21 Pac. 670). But where, from an inspection of the complaint, the court does not have, in the first instance, jurisdiction of the subject-matter, neither testimony nor remitter can confer such jurisdiction. The defendant having alleged in her complaint that the value of the property taken and the damage sustained by her was the sum of $274, which she apparently sought to recover, the justice's court never secured jurisdiction of the subject-matter.

It follows from this consideration that the judgment of the circuit court is reversed, and the cause remanded, with direction to annul the judgment of the justice's court.

REVERSED.

.Decided 26 May, 1902.

## ON MOTION TO RETAX COSTS.

PER CURIAM.   This is a motion to retax costs.   The judgment of the court below having been reversed, the appellant filed a cost bill, in which he demanded, *inter alia,* for the transcript of the cause, $19.20; for printing the abstract of the record and brief, $116 and $41, respectively, and for stenographer's fees in preparing papers for the appeal, $18.75. The respondent, within the time prescribed by statute, objected to these items, alleging that the claim for the transcript was excessive because there had been improperly included therein documents not required; that the reasonable cost of copying records necessary for the appeal could not exceed the sum of $2.10; that the abstract, in excess of twenty pages, was irrelevant and that the cost of publishing the material part thereof should not be more than $13; that the brief is greatly enlarged by repetitions and that the relevant part thereof does not exceed twenty-one pages, the publication of which could have been secured for the sum of $13.60; and that the stenographer's fees were not allowable as a disbursement.   The appellant thereupon. filed an amended verified statement, wherein he attempted to show that they were reasonable, and that the prolixity of the record was made so by the respondent, thereby requiring a voluminous abstract and brief.   The clerk allowed for the transcript the sum of $10; for printing the abstract, $31.45; and for the· brief, $28.05; and disallowed the demand for stenographer's fees; whereupon appellant's counsel filed a motion to retax the disputed items, contending that the objections so interposed were not sufficiently definite to authorize the clerk to make any change in the costs so demanded.

3. If the prevailing party, within five days from the entry of judgment, files a statement of the costs and disbursements to which he claims to be entitled, the adverse party, within two days from the time allowed to file the same, may file objections thereto, stating the particulars of such objections: Hill's Ann. Laws, § 556.   The objections to the cost bill ought to be suffi-

ciently definite to notify the prevailing party wherein it is claimed the disputed items are unwarranted and to what extent they are unreasonable, and, if the averments are controverted by an amended verified statement, the issues thus framed properly present the questions to be determined by the clerk in the first instance. In the case at bar, the objections specify with particularity the items controverted, and state wherein it is claimed they are unwarranted and to what extent they are excessive and unreasonable, and, in our opinion, are sufficiently definite to call attention thereto and to authorize a revision thereof.

4. The method prescribed for preparing causes for trial in this court, so far as applicable to the question involved, is as follows: ''Transcripts on appeal in civil cases, unless otherwise directed by the appellant, shall include only a copy of the judgment roll,—that is, the pleadings upon which the cause was tried, summons and proof of service thereof, bill of exceptions, orders relating to a change of parties, the entry of judgment, and such other journal entries or orders only as involve the merits and necessarily affect the judgment, the notice of appeal, and any order enlarging the time in which to file the transcript, and a certificate of the clerk of the filing of the undertaking'': Rule 1 (35 Or. 587, 37 Pac. v). Rule 2 (35 Or. 588, 37 Pac. v,) prescribes the form and arrangement of the transcript, and in a note thereto the following explanation is given: ''The foregoing form is intended only as a suggestion, and is to be varied according to the circumstances of each particular case. The actual facts of the case will indicate what is to be done, but in all cases, civil as well as criminal, the transcript is to be prepared substantially in conformity with the above form, giving the proper order and date of filing papers, and incorporating them at the proper date as to the proceedings of the court, omitting from the transcript all unnecessary papers, such as undertakings on appeal, cost bills, when not involved therein, as well as papers and orders which have ceased to perform any office in the case, such as demurrers and original pleadings when superseded by amended ones or

waived by pleading over, unless such original pleadings are necessary to a proper understanding of the questions to be presented on appeal. The title of the court and cause, unless otherwise directed, may be omitted from all papers except the first paper in the cause, but the word 'title' shall be used, the character of the paper, whether complaint, summons, answer, etc., shall be designated. The file · marks and indorsements may also be omitted, unless otherwise directed.'' But when the cause is to be tried on an abstract a copy of the undertaking is also required: Laws, 1899, p. 227. By examining the transcript in the light which these rules afford it is ascertained that the title of the cause, after being stated in the first papers in the case, is repeated forty-one times; that the indorsements made upon such papers, including file marks and in many instances the names of the attorneys, are copied eighteen times, several of which occupy nearly a full page; that the following memorandum is repeated four times, viz.: ''The cost of the above and foregoing case is as follows, to wit: Notary's fees, $1; justice's fees, $8.05; constable's fees, $9.20.'' The petition for the writ of review sets out copies of all the pleadings and papers filed in the justice's court, the action thereon, an original and an amended complaint when the only change consisted in inserting the figure ''9'' as indicating the number of the justice's district, the original and an alias summons, the returns thereon, motions to set aside the service of each summons, affidavits in support thereof, the judgment of the justice's court, and all other proceedings therein. The writ of review having been issued, the return thereto consists of a repetition of all the matters set out in the petition when a mere recital in the transcript that the record of the justice's court was correctly stated in the petition would have been sufficient for all purposes. In consequence of the unnecessary matter included in the transcript, we think the clerk allowed the appellant all he was entitled to therefor.

5. The abstract contains 116 pages, for the publication of which claim was made in the cost bill of $1 per page, though the actual cost thereof, as appears by the affidavit of appel-

lant's attorney, was only 85 cents per page. The abstract is nearly a literal copy of the transcript, from which page 81 is reproduced, as follows:

"81

ENDORSED.

ORIGINAL.

In the Justice's Court

of the State of Oregon.

for Polk County,

for District No. 5.

Mrs. Ollie M. Byers,

Plaintiff.

vs.

B. I. Ferguson,

Defendant.

PRAECIPE FOR EXECUTION.

Filed this 4th day of October, 1900.

J. D. IRVINE,

Justice of the Peace.

BONHAM & MARTIN,

Attorneys for Plaintiff."

This page is a fair sample of the pages numbered 5, 6, 8, 17, 30, 31, 39, 46, 49, 52, 53, 55, 58, 59, 62, 63, 66, 67, 73, 77, 78, 79, 80, 93, and 107, respectively, except in the pages numbered consecutively the indorsement does not usually occupy the entire page. This abstract contains a great deal of useless and unnecessary matter making a cumbrous record, entailing upon the court the labor of separating the material from that which has no bearing on the case, and, in our opinion, the clerk made a liberal allowance for its publication.

6. The greater part of the appellant's brief, from page 2 to 13, is a repetition of the pleadings published in the abstract, and wholly unnecessary, and, in our opinion, the sum allowed therefor was sufficient for the publication of the material part thereof.

7. The appellant was not entitled to any sum whatever for stenographer's fees in preparing the case on appeal, as the clerical work might have been done by his counsel (*Young* v. *Hughes,* 39 Or. 586, 66 Pac. 272), and the clerk properly struck out the sum demanded therefor.

It follows from these considerations that no change will be made in the costs as taxed by the clerk.

MOTION TO RETAX OVERRULED.