Argued May 3, affirmed May 18, rehearing denied June 22, 1915.

## EVANS *v.* MARVIN.

(148 Pac. 1119; 148 Pac. 1121.)

**Quieting Title—Actions—Burden of Proof.**

1. In a suit to quiet title, where plaintiff proved the allegations of ownership, which were denied, defendants have the burden of establishing the validity of the judgment against plaintiff's grantor which furnished the basis for their claim.

> [As to necessity that plaintiff, in action to quiet title, allege title or possession at time of its commencement, see note in Ann. Cas. 1913D, 388.]

**Justices of the Peace—Judgment—Pleading.**

2. Under Section 87, L. O. L., declaring, in pleading a judgment or other determination of a court of special jurisdiction, it shall not be necessary to allege the facts conferring jurisdiction, but such judgment may be stated to have been duly made, and, if such allegation be controverted, the party pleading shall be bound to establish the facts conferring the jurisdiction, a party relying on the judgment of a Justice's Court must prove the facts conferring jurisdiction.

**Justices of the Peace—Judgment—Jurisdiction.**

3. Section 951, L. O. L., declares that a Justice's Court has jurisdiction of actions to recover money or damages when the amount

claimed does not exceed $250, and for the recovery of statutory penalties and personalty of a value not exceeding that sum. Section 952 provides that justice shall not have jurisdiction of actions involving title to real property, or of actions for false imprisonment, libel, slander, malicious prosecution, etc. The exemplification of a journal of a justice, showing the entry of a default judgment, did not disclose the nature of the action upon which judgment was rendered. *Held,* that a party relying on the validity of such judgment could not maintain a lien by reason thereof; it not appearing that the justice had jurisdiction.

Judgment—Liens—Justices.

4.  Section 771, L. O. L., provides that, when a copy of a writing is certified to be used in evidence, the certificate shall state that the copy was compared with the original. The certificate by a justice to a copy of a judgment which was filed in the office of the county clerk in accordance with Section 2442, L. O. L., merely recited that it was a full, true and correct copy of the justice's docket. Held, that the certificate was insufficient, and the filing created no lien.

   [As to docketing of judgments by justices of the peace, see note in 40 Am. Dec. 386.]

From Wallowa: JOHN W. KNOWLES, Judge.

In Banc.    Statement by MR. JUSTICE BURNETT.

This is a suit by Charles E. Evans against Edgar Marvin, as sheriff, and Stephenson & Hitt.

Plaintiff, alleging himself to be the owner in fee simple and in the actual possession of certain real property ever since July 22, 1910, states that on March 15, 1913, the defendants Stephenson & Hitt caused an execution to be issued out of the Circuit Court, under the seal thereof, in favor of themselves and against one Carpenter; that, the same having been placed in the hands of defendant Marvin, as sheriff, he sold the property to Stephenson and Hitt, and issued a certificate of sale thereof, which sale was afterward confirmed by the court; and that they threaten to issue a deed in pursuance of said sale. He further asserts:

"Stephenson and Hitt have no right, title, claim or interest in and to said premises, or any part thereof, and that said plaintiff is the *bona fide* owner in fee simple of said premises and the whole thereof; that

the issuance of such deed would create a cloud upon plaintiff's title, to his irreparable injury and damage to his title."

The prayer of the initial pleading is to the effect that the court annul all proceedings under the execution, perpetually enjoin the defendants from further proceeding in the premises, and that the plaintiff be declared the owner in fee thereof, free from all claims of the defendants, or of either of them. The answer admits the issuance of the execution and proceedings in pursuance thereof, but denies all other allegations of the complaint. Affirmatively it states:

"That on the 5th day of March, 1903, an action was commenced in the Justice Court for the district of Lostine, in Wallowa County, Oregon, by the defendants herein, the said Bart Stephenson and the said F. M. Hitt, as plaintiffs in said action, against one A. J. Carpenter, as defendant in said action, and that said action was commenced by the filing of a complaint therein and issuing a summons therefrom, and that in said action in said Justice Court a judgment was duly given, made, and entered on the 16th day of March, 1903, in favor of said Bart Stephenson and said F. M. Hitt, as plaintiffs, in said action, and against the said A. J. Carpenter, in the sum of ninety-four and 60/100 dollars ($94.60), and the further sum of ten dollars attorney's fees and the costs and disbursements of said action taxed and allowed at $8.75; that on the 19th day of March, 1903, a certified transcript of said judgment, together with a certified copy of the docket entries made by the justice of the peace of said Lostine District in said action, was filed with the county clerk of Wallowa County, in the State of Oregon; and on said 19th day of March, 1903, said county clerk docketed and entered said judgment in the judgment docket of the Circuit Court of the State of Oregon for Wallowa County, and that on or about the 11th day of March, 1913, the said Stephenson and

Hitt caused and procured a renewal of said judgment to be made by said Circuit Court, and a new entry thereof to be made in said judgment docket of said Circuit Court.''

The defendants' pleading further goes on to narrate the history of an attempted foreclosure of a mortgage in favor of the Wallowa Mercantile Company, antedating the supposed lien of the justice's judgment, and points out certain alleged defects in said foreclosure which they claim rendered the same void as to the answering defendants here. The prayer of the answer is that the suit be dismissed. The reply denies the allegations respecting the rendition of the judgment in the Justice's Court, avers in its own way the proceedings under the foreclosure already mentioned, and alleges other matters not necessary to be considered. From a decree substantially according to the prayer of the complaint the defendants appealed.

AFFIRMED.   REHEARING DENIED.

For appellants there was a brief and an oral argument by *Mr. Thomas M. Dill.*

For respondent there was a brief and an oral argument by *Mr. O. M. Corkins.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It is contended by the defendants that this is a suit to remove a cloud from the title of the plaintiff, and that the facts stated in the complaint are not sufficient to authorize the granting of such relief. They argue that it is incumbent upon the plaintiff in such a suit, not only to state the nature of the alleged cloud, but to show wherein the claim by virtue thereof is void.

Conceding this to be a correct statement of the rule, and applying it to the plaintiff's declaration, we find that the defendants have attempted to sell his land for the debt of another. Reduced to its lowest terms, this cannot be done lawfully, and the statement itself shows the reason why the resulting cloud would be null as a basis of title.

The plaintiff's allegation of ownership of the realty mentioned having been denied, it was incumbent upon him to prove the averment. We find exemplified in the record a homestead patent for the land from the United States to Alfred J. Carpenter, recorded June 29, 1901, a deed from Carpenter and wife to the Wallowa Mercantile Company on January 2, 1906, covering the same premises, a sheriff's deed purporting to be the result of a mortgage foreclosure conveying the land to the Wallowa Mercantile Company on January 21, 1908, and, lastly, a deed from the Wallowa Mercantile Company to the plaintiff, of date July 22, 1910, transferring to him the title to the realty in question. If nothing else were shown, these conveyances operate to vest the title in fee simple in the plaintiff, and constitute at least *prima facie* proof of the allegations of his complaint. It was incumbent upon the defendants, therefore, to establish their own case. In other words, they were compelled to prove the judgment of the Justice's Court upon which they rely as authority for their execution and sale of which plaintiff complains.

2, 3. It is said in Section 87, L. O. L.:

"In pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be

controverted, the party pleading shall be bound to establish on the trial the facts conferring jurisdiction.''

According to *Ashley* v. *Pick,* 53 Or. 410 (100 Pac. 1103), overruling earlier cases on the matter of pleading, we find that the answer of the defendant properly avers the rendition of the judgment in the Justice's Court when it states that the ''judgment was duly given, made and entered.'' None of the decisions, however, dispense with the necessity of proving the facts conferring power on an inferior court when its determination is challenged. The authority of a Justice's Court is thus defined in Section 951, L. O. L.:

''A Justice's Court has jurisdiction, but not exclusive, of the following actions: (1) For the recovery of money or damages only, when the amount claimed does not exceed $250; (2) for the recovery of specific personal property when the value of the property claimed and the damages for the detention do not exceed $250; (3) for the recovery of any penalty or forfeiture, whether given by statute or arising out of contract, not exceeding $250; (4) also, to give judgment without action, upon the confession of the defendant for any of the causes specified in this section, except for a penalty or forfeiture imposed by statute.''

This excerpt is qualified by Section 952 in these words:

''The jurisdiction conferred by the last section does not extend, however, (1) to an action in which the title to real property shall come in question; (2) to an action for false imprisonment, libel, slander, malicious prosecution, criminal conversation, seduction, or upon a promise to marry.''

Other restrictions on actions to recover a penalty or forfeiture given by statute are prescribed by Sec-

tion 953. As said by Mr. Justice Moore in *Ferguson*
v. *Byers,* 40 Or. 468 (67 Pac. 1115, 69 Pac. 32):

"A court's jurisdiction of the subject matter of an
action is determined, in the first instance from an in-
spection of the allegations of a complaint."

The only evidence offered by the defendants in sup-
port of their allegations of a duly given judgment of
the Justice's Court was the exemplification of the
journal of that court, which is here set down:

"State of Oregon,
　　County of Wallowa—ss.:

"Proceedings in Justice Court, before J. F. Bur-
leigh, Justice of the Peace. Action for recovery of
money. Issued March 5, 1903. Returnable March
16, 1903. Returned March 12, 1903. James Haynes,
Constable. Be it remembered, that on this 5th day
of March, 1903, a verified complaint was filed in the
above-entitled action by plaintiffs. A summons was
issued made returnable on March 16, 1903, at 10
o'clock A. M., and placed in the hands of O. W. Pagin,
constable, for service. March 12, 1903, summons was
returned indorsed as follows: 'State of Oregon,
County of Wallowa—ss.: I hereby certify that I served
the within summons within said county and state on
the within named A. J. Carpenter on the 6th day of
March, 1903, by delivering a copy thereon prepared
and certified to by me as constable, together with a
copy of the complaint prepared and certified to by
J. F. Burleigh, Justice of the Peace, to A. J. Carpen-
ter, personally. O. W. Pakin, Constable.' March
16, 1903, 10 o'clock A. M. Now, at this time, which was
the time set for the trial of the above-mentioned issue,
plaintiff appeared by their attorney, T. D. Hitt, for
trial. Defendant appeared not at all, and after wait-
ing one full hour, and he still failing to appear or
answer the complaint herein as by law required, his
default is hereby entered. It is therefore hereby con-
sidered, ordered, and adjudged that plaintiffs have

and recover of and from the defendant the sum prayed for in the complaint, to wit, the sum of ninety-four and 60/100 dollars, and the further sum of ten dollars attorney's fees and the costs of this action to be taxed.

"J. F. BURLEIGH,

"Justice of the Peace."

No complaint or summons was offered in evidence, nor was there any attempt to give secondary evidence of the contents of such papers. The defendants relied solely on the journal entries above quoted. A casual reading of them reveals nothing whatever to show that the action was one over which the Justice's Court had jurisdiction. For aught that appears on the judgment-book of the justice, the action may have involved the title to real property or false imprisonment, libel, slander or malicious prosecution, all within the inhibition of Section 952, *supra.* The judgment of a Justice's Court is not in any sense of the word self-sustaining. The original documents upon which it proceeded must be put in evidence, or secondary evidence given thereof, in the cases prescribed by law, before its decisions can be sustained, when controverted. The showing of the defendants is fatally defective in this respect.

4. Further, conceding that the determination of the Justice's Court was regular in form and supported by jurisdiction over the subject matter, it remains to be seen whether by the subsequent proceedings it was properly made a lien upon the realty involved. It is said in Section 2442, L. O. L.:

"Whenever a judgment is given in a Justice's Court in favor of anyone for the sum of $10 or more, exclusive of costs or disbursements, the party in whose favor the judgment is given may at any time thereafter, while such judgment is enforceable, file a certified transcript thereof with the county clerk of the

county wherein such judgment is given, and thereupon such clerk shall immediately docket the same in the judgment docket of the Circuit Court. * * ''

The section further prescribes that from the time of the docketing of the judgment in that manner it shall be a lien upon the real property of the defendant as though it were a judgment of the Circuit Court. It is required by Section 771, L. O. L., that whenever a copy of a writing is certified to be used as evidence the certificate shall state that the copy has been compared by the certifying officer with the original, and that it is a correct transcript therefrom and of the whole of such original, or of a specified part thereof. The certificate appended to the alleged judgment of the Justice's Court is in these words:

"State of Oregon,
    County of Wallowa—ss.:
    "I hereby certify that the foregoing is a full, true, and correct copy of my docket in the above-entitled action, and of the whole thereof.
                                "J. F. BURLEIGH,
                                "Justice of the Peace."

It has been held in *Bloomfield* v. *Humason,* 11 Or. 229 (4 Pac. 332), and in *State* v. *McDonald,* 55 Or. 419 (103 Pac. 512, 104 Pac. 967, 106 Pac. 444), that this section does not apply to public records of other states or countries; but in the first of these cases Chief Justice WATSON uses this language:

"The respondents duly objected to the admission of the transcript as incompetent, and not properly certified. The certificate of the officer does not state that the copies composing this transcript, or any of them, have been compared by him with the originals, as required by * * the * * Code, and the respondents insist here that this alone is sufficient cause for

rejecting them as evidence. If the state law controlled, we could find no answer to this objection. The statute is clear and imperative upon this point. These copies are not authenticated in the mode prescribed by it, and the courts cannot dispense with its requirements. But the certificate does comply with the provisions of the federal law on the subject, and under that authority the evidence must be admitted."

In the instant case the matter introduced in evidence relates to a domestic judgment, and if it is to be given effect it must needs be identified as required by our statute on that subject. Because it fails to state that the certifying officer had compared the exemplification with the original, the certificate of authentication is of no effect and the transcript was not sufficient authority to the clerk of the Circuit Court to docket the judgment as a lien upon real property. The contention of the defendants is thus shown to be without foundation.

The plaintiff having made a *prima facie* case by the production of the deeds already mentioned, and defendants having failed to establish their contention by any competent evidence, it is unnecessary to consider the other questions suggested at the argument.

The decree of the Circuit Court is affirmed.

Affirmed.    Rehearing Denied.

---

Denied June 22, 1915.

On Petition for Rehearing.

(148 Pac. 1121.)

In Banc.    Mr. Justice Burnett delivered the opinion of the court.

5. The petition for rehearing criticises the opinion of the court wherein it was held that the judgment of

the Justice's Court upon which the defendant relies was not self-sustaining. The deduction from the argument of the petition is that because Section 2417, L. O. L., provides: "Actions at law in Justices' Courts shall be commenced and prosecuted to final determination, and judgment enforced therein, in the manner provided in the Code of Civil Procedure for similar actions in courts of record, * * " the recitals of the justice's docket are entitled to the same force and credence as similar entries upon the journal of a Circuit Court, although not supported by any pleadings, summons or other *indicia* of jurisdiction. The fallacy of the argument lies in failing to distinguish between jurisdiction and procedure. The former is the authority to proceed at all. The latter is the formula by which jurisdiction is exercised.

It was never the intention of the legislature to exalt a Justice's Court from the grade of an inferior tribunal to the plane of general jurisdiction occupied by the Circuit Court under the Constitution as it existed when the justice's judgment in question was rendered. The fundamental law then thus declared: "The judicial power of the state shall be vested in a Supreme Court, Circuit Courts, and County Courts, which shall be courts of record, having general jurisdiction to be defined, limited, and regulated by law, in accordance with this Constitution. Justices of the peace may also be invested with limited judicial powers * * ": Article VII, Section 1, of the Constitution. The Justices' Code does not change the nature of the constitutional rule that these courts are of limited jurisdiction, nor does it affect the principle established by a long course of decisions that their judgment must be

sustained affirmatively by positive proof that they had jurisdiction of the cases they attempt to decide.

If the argument of the petition proves anything, it proves too much, for if the recitals of the justice's docket are sufficient to establish its jurisdiction without anything further, the like rule should be applied to the decree of foreclosure in the Circuit Court under which the plaintiff claims. That decree foreclosed the superior mortgage as against the judgment upon which the defendants here assert the right to issue execution and sell the land. The court there affirmed its jurisdiction and, according to the contention of the defendants, that would be sufficient here as against any defect in the details of the publication of summons and the proof thereof, which being true, would be decisive against the defendants, for it is without dispute that the lien of that mortgage was superior to the defendants' judgment.

Again, the petition contends that the court was in error in deciding that the certificate of authentication to entitle the judgment of the Justice's Court to be docketed in the Circuit Court must show that the certifying officer has compared the copy with the original as required by Section 771, L. O. L. The contention is that it is enough that the transcript of the judgment should be "certified to be a true and correct transcript from the original entries by the justice," according to the wording of Section 2442, L. O. L. The two sections about the authentication of a public document are in *pari materia,* and must be construed together, making both effective if possible, because one does not purport to repeal the other. Under this rule it is necessary by Section 771, L. O. L., for the certifying officer to show that by actual comparison he is

qualified to say in his certificate the exemplification of the record is true and correct. We adhere to the former opinion.

FORMER DECISION APPROVED. REHEARING DENIED.