Argued February 24, affirmed March 17, 1954

# ANDREWS *v.* CITY OF CORVALLIS
268 P. 2d 361

*F. Ernest Ayers,* of Corvallis, argued the cause and filed a brief for appellant.

*Richard Mengler,* of Corvallis, argued the cause and filed a brief for respondent.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN and PERRY, Justices.

PERRY, J.

The appellant Adelbert Bradford Andrews, hereinafter called the plaintiff, was convicted of a misde-

meanor in the municipal court of the city of Corvallis, and, after sentence was passed, filed in the circuit court of the state of Oregon for Benton county a petition for a writ of review. The material part thereof necessary to this opinion and the decision of the circuit court reads as follows:

## "I

"That the cause of action herein referred to was prosecuted under citation ticket No. 736 by the City of Corvallis, Benton County [,] Oregon [,] in the municipal court of said City and trial and decision had in said cause on August 8, 1952. * * *.

## "II

"Said citation ticket No. 736 of the City of Corvallis, Benton County, Oregon, does not charge any criminal offense under the laws and ordinances of the State of Oregon and the City of Corvallis for the following reasons and in the following particulars, to-wit:

"1. Said citation ticket No. 736 does not meet the requirements of a criminal complaint, an indictment or an information.

"2. Said citation ticket No. 736 was not sworn to before any competent officer.

"3. The facts stated do not constitute any crime, but are merely a statement of a conclusion that the defendant is guilty of some crime or crimes. The acts constituting the alleged offense are not stated.

"4. Said citation ticket No. 736 is not substantially in the language of any ordinance of the City of Corvallis, Oregon, or of any statute of the State of Oregon; and it is impossible to tell from said citation ticket No. 736 what ordinance or statute the plaintiff was being prosecuted under, or specifically what crime was being attempted to be charged against plaintiff Adelbert Bradford Andrews.

## "III

"It appears that more than one crime was being attempted to be charged in said citation ticket No. 736, without stating separate charges of different criminal offenses.

## "IV

"The ordinance and statute referred to in said citation ticket No. 736 was not relied upon by the Municipal Court of the City of Corvallis and had no relationship to the evidence produced by the said City of Corvallis. Said Ordinance and Statute referred to in said citation ticket No. 736 pertain to driving automotive vehicles, and the evidence submitted by said city had nothing to do with such vehicles."

On this petition a writ was issued directed to the municipal judge of the city of Corvallis, and the defendant thereupon moved to quash the writ of review and simultaneously filed therewith its return to the writ. The motion to quash was sustained by the trial court, and from this ruling the plaintiff has appealed.

The sole question for determination in this court is whether or not the petition for writ of review is sufficient to authorize the issuance of the writ.

■ A petition for a writ of review must state facts sufficient to authorize the issuance of the writ. We can look only to the petition to ascertain the authority of the higher court to issue the writ, and reference to the return cannot be had to supply omissions of the petition. *Southern Oregon Co. v. Coos County*, 30 Or 250, 47 P 852.

In *Southern Oregon Co. v. Coos County*, supra, at page 257, we said:

"* * * the writ shall be allowed, upon the petition of the plaintiff describing the decision or

determination sought to be reviewed with convenient certainty, and setting forth the errors alleged to have been committed. This requirement is no departure from the ordinary rules of pleading pertaining to applications for the writ. The petition should state such facts as would show prima facie, by an inspection of it, that the inferior court or tribunal has acted without jurisdiction, or has exercised its functions erroneously; and, as in other pleadings, a statement of a conclusion of law is bad * * *."

■ It is readily seen that the petition for the writ of review set forth above states solely the conclusions of the petitioner. No facts are alleged.

The plaintiff's petition for the writ being insufficient to authorize the issuance of the writ by the trial court, the motion to quash was properly sustained.

The judgment of the trial court is affirmed.