Argued April 14, reversed April 21, 1954

STATE ex rel. SORENSEN v. BAIRD

269 P. 2d 535

*Hugh B. Collins,* of Medford, argued the cause for appellant. With him on the brief was Paul W. Haviland, of Medford.

*Warren A. Woodruff,* Deputy District Attorney, of Roseburg, argued the cause for respondent. With him

on the brief was Robert M. Stults, District Attorney, of Roseburg.

Before LATOURETTE, Chief Justice, and WARNER, LUSK and TOOZE, Justices.

TOOZE, J.

This is an appeal from a judgment of the circuit court for Douglas county, dismissing a writ of habeas corpus. The proceeding was instituted by Shirley L. Sorensen, on behalf of her husband Charles L. Sorensen, as plaintiff, against C. H. Baird, as sheriff of Douglas county, Oregon, as defendant.

The petition for the writ alleged facts sufficient to authorize the issuance of the writ, and, by order of the court, the writ was issued on May 14, 1953, and served upon the defendant sheriff.

On May 15, 1953, the defendant filed his return to the writ, in which it is alleged (omitting formal parts):

"1. That the defendant is the duly elected, qualified and acting sheriff of Douglas County, Oregon, and makes this return in his official capacity as such sheriff.

"2. That the defendant presently has the person of Charles Lowell Sorensen in his custody in the County Jail of Douglas County, Oregon.

"3. That the said Charles Lowell Sorensen on the 30th day of March, 1953, appeared in the District Court of the State of Oregon for Douglas County in person and represented by his attorney, Edward M. Murphy, and was then and there duly convicted upon his plea of guilty to the crime of furnishing a Minor with Alcoholic Liquor and was then and there assessed a fine of Seventy-five ($75.00) Dollars and sentenced to be confined in the Douglas County jail for a period of thirty (30)

days. That the said Charles Lowell Sorensen was then and there placed on probation for a period of six (6) months upon the terms and conditions that he shall at all places and at all times conduct himself in an exemplary manner, that he refrain from the use of any intoxicating liquor, that he refrain from entering or loitering about any place where intoxicating liquors are sold or kept and that he comply with all local, county and state laws during the said period of probation.

"4. That thereafter and on the 14th day of May, 1953, the said Charles Lowell Sorensen was arrested upon a warrant issued by the Honorable A. J. Geddes, District Judge, charging him, the said Charles Lowell Sorensen, with Violation of the Probation granted to him on March 30, 1953. That on May 14, 1953, a hearing was held in the District Court of the State of Oregon for Douglas County to determine whether or not the probation granted the said Charles Lowell Sorensen on the 30th day of March, 1953, should be revoked and the following order was entered:

" 'This matter coming on for hearing at this time, the State of Oregon appearing by and through Robert M. Stults, District Attorney for Douglas County, and the defendant appearing in person and by and through his attorneys, Paul Haviland and Hugh B. Collins; and

" 'It appearing to the Court that the defendant, Charles Lowell Sorensen, appeared before this Court on March 30, 1953, in person and by and through his attorney, Edward Murphy, and entered a plea of guilty to the crime of Furnishing a Minor with Alcoholic Liquor and that the said defendant was sentenced to pay a fine of Seventy-five ($75.00) Dollars and to serve thirty (30) days in the Douglas County Jail and upon payment of said fine, was placed on probation for a period of six (6) months under the terms that the defendant at all times conduct himself in an exemplary manner, re-

frain from the use of any intoxicating liquor whatever, refrain from entering or loitering about any place where intoxicating liquors are sold and kept and comply with all local, county and state laws during the period of probation; and

" 'It further appearing to the Court that the defendant, Charles Lowell Sorensen, has not complied with the terms of his probation in that he has not at all times conducted himself in an exemplary manner and that he has not refrained from the use of intoxicating liquors.

" 'It is HEREBY ORDERED that the probation granted the defendant, Charles Lowell Sorensen, on the 30th day of March, 1953, whereon the defendant was convicted of Furnishing a Minor With Alcoholic Liquor in the above entitled Court and cause be, and the same hereby is revoked and it is HEREBY ORDERED that the defendant be delivered to the custody of the Sheriff of Douglas County, Oregon, so that the sentence of thirty (30) days in the Douglas County Jail can be carried into execution.

" 'Dated this 14th day of May, 1953.
/s/ A. J. Geddes

District Judge '

"5. That following said hearing and the issuance of the order set out above, an order of commitment was issued by the said A. J. Geddes, District Judge, directing me to commit the said Charles Lowell Sorensen to the Douglas County Jail to serve the sentence imposed upon him on March 30, 1953. A copy of said order of commitment is attached to this return, marked 'Exhibit A' and by this reference made a part hereof.

"6. That thereafter and on the 15th day of May, 1953, the said Charles Lowell Sorensen appeared in the District Court of the State of Oregon For Douglas County and pleaded guilty to the

crime of operating a Motor Vehicle upon a Public Highway in Douglas County, Oregon, When Such Motor Vehicle Was Not Equipped With a Muffler in Good Working Order. At said time and place the Honorable A. J. Geddes then and there sentenced the said Charles Lowell Sorensen to pay a fine of Fifteen ($15.00) Dollars and said judgment having provided that in the event of default of payment of said fine, the said Charles Lowell Sorensen be imprisoned in the Jail of this County until said fine is satisfied which shall not exceed one day for each Two ($2.00) Dollars of the fine and he, the said Charles Lowell Sorensen, having failed to pay said fine, was then and there committed to the Douglas County Jail upon order of the Honorable A. J. Geddes, District Judge. A copy of said commitment order is attached hereto and marked 'Exhibit B' and by this reference made a part hereof.''

Attached to the return were exhibits ''A'' and ''B'', being copies of what purported to be commitment orders as alleged in the return.

Plaintiff demurred to the return on the ground that it did not state facts sufficient to constitute cause or justification for the prisoner's detention. The demurrer was overruled by the court, whereupon plaintiff filed a replication in which she denied each and every allegation of the return, excepting only paragraphs 1 and 2 thereof.

Upon the issues thus formed by the return of defendant and replication (answer) of plaintiff, a hearing was held by the court. In support of the return's allegations, defendant offered, and there were received in evidence, a copy of the journal of the district court, the original ''ORDER REVOKING PROBATION'', and a copy of each commitment order above referred to. No other evidence was offered or

received, except a transcript of the testimony given before the district court in connection with the purported revocation of probation. This testimony has no bearing whatever upon the issue now before the court.

The exemplification of the journal of said district court above referred to is in words and figures as follows:

"THE STATE OF OREGON, PLAINTIFF vs. CHARLES LOWELL SORENSEN, DEFENDANT. ) *CRIMINAL CASES DOCK-ETS NOS. 8694 and 986; NO. 8694: CONTRIBUTING TO THE DELINQUENCY OF A MINOR: NO. 986: furnishing minor with alcoholic liquor: ARRAIGNMENTS: PLEAS: PENALTIES, AND SENTENCES:*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

"No. 8694 Filed on December 27, 1952; Defendant arraigned on same date; defendant waiving Preliminary Hearing and desirous of going before Circuit Judge on Information of the District Attorney.

"On March 30, 1953, Complaint under Docket No. 986, filed by Prosecuting Witness, Warren Woodruff on defendant, CHARLES LOWELL SORENSEN, accusing defendant of the crime of FURNISHING MINOR WITH ALCOHOLIC LIQUOR, and said complaint dismissing Docket No. 8694 against same defendant. Defendant Arraigned on charge of FURNISHING A MINOR WITH ALCOHOLIC LIQUOR: The defendant entering his plea, through his Attorney, Murphy, of GUILTY:

"The Court passed sentence on said Defendant giving fine of $75.00, and a suspended Jail sentence of 30 days; and placing defendant on Parole for a period of six months from this date. The said

defendant shall at all places and at all times conduct himself in an exemplary manner; to refrain from use of any intoxicating liquor, whatever; to refrain from entering or loitering about any place where intoxicating liquors are sold or kept; and comply with all local, County and State Laws during the Parole period.

"Any violation of the foregoing provisions of the parole will necessitate the defendant being required to be committed to the County Jail and serve out the jail sentence of thirty (30) days.

"Dated at Roseburg, Douglas County, Oregon, this 30th day of March, 1953.

"Copies to Defendant; District Attorney;".

It will be observed that upon the hearing, neither the original complaint upon which Charles L. Sorensen was prosecuted, nor secondary evidence thereof, was produced.

We will first dispose of one of defendant's contentions. He claims that the petition for the writ of habeas corpus fails to state facts sufficient to authorize the issuance of the writ.

The function of a petition for a writ of habeas corpus is to secure the issuance of the writ, and when that is issued, the petition has accomplished its purpose. Generally, the petition is not considered as part of the pleadings. Of course, there are cases where, upon stipulation of the parties, the petition is treated as the answer or traverse to the return to the writ, and, in such instances, it does form a part of the pleadings. However, ordinarily, upon the issuance of the writ, the petition becomes functus officio. The return to the writ is the principal pleading and corresponds to the complaint in civil actions. Strict rules of pleading are not usually applied to petitions for writs of habeas corpus, and often the writ is issued upon more

or less informal applications. In proper cases, it should never be denied upon mere technicalities of pleading. The petition in the instant case was amply sufficient to demand the issuance of the writ. *Quinn v. Hanks,* 192 Or 254, 268, 233 P2d 767; *In re Davenport,* 114 Or 650, 655, 236 P 758; 39 CJS 625, Habeas Corpus; § 80, p 651; § 88.

The authorities cited by defendant in support of his contention are not in point: *Kelley v. Meyers,* 124 Or 322, 263 P 903; *Long v. Minto,* 81 Or 281, 158 P 805; *Garrison v. Malheur County Court,* 54 Or 269, 101 P 900 (Writ of Review).

The rules respecting petitions for writs of review are different from those applying to petitions for writs of habeas corpus. *Andrews v. City of Corvallis,* 200 Or 632, 268 P2d 361.

■ Plaintiff urges that the trial court erred in overruling her demurrer to the return.

Section 1-904, OCLA (ORS 16.490) provides:

"In pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. *If such allegation be controverted, the party pleading shall be bound to establish on the trial the facts conferring jurisdiction.*" (Italics ours.)

We are of the opinion that the return to the writ was sufficient under this statute and, hence, not vulnerable to demurrer. The trial court did not err in overruling the demurrer.

However, the decisive question in this case is whether the evidence offered upon the hearing was sufficient to show legal cause or justification for the detention of the prisoner by the defendant.

 The district court for Douglas county is a court of inferior and limited jurisdiction. It does not have exclusive jurisdiction in prosecutions for misdemeanors. Its jursdiction in such criminal proceedings is concurrent with that of the circuit court. From its judgments in criminal actions, appeals may be taken to the circuit court. Nothing is presumed in favor of the judgment of a court of inferior or limited jurisdiction, as against a collateral attack, and jurisdictional facts must affirmatively appear either on the face of the record, or, according to some authorities, by evidence aliunde, except as to facts required to be spread on the record. Jurisdiction, as that term is used, means jurisdiction over the subject matter. *Ashford v. Ashford,* 201 Or 206, 249 P2d 968, 268 P2d 382; 49 CJS 841, Judgments, § 425 (3).

In *Ferguson v. Byers,* 40 Or 468, 472, 67 P 1115, 69 P 32, we said:

> "A court's jurisdiction of the subject-matter of an action is determined, in the first instance, from an inspection of the allegations of a complaint."

The complaint against the prisoner claimed to have been filed in the district court is not in evidence. We cannot determine, therefore, from the record before us whether such complaint, if one was filed, stated a crime or showed proper venue, so as to be able to say whether the district court actually had jurisdiction over the subject matter.

■ The allegations of defendant's return to the writ were directly controverted and challenged by plaintiff's replication. Under the express provisions of § 1-904, OCLA (ORS 16.490), supra, and in the light of such denials in the replication, defendant was "bound to

establish on the trial the facts conferring jurisdiction". He, therefore, was bound to prove the filing of a sufficient complaint against the prisoner, showing that the district court had jurisdiction of the subject matter of the criminal action.

The question now under consideration is fully answered and determined by our holding in *Evans v. Marvin,* 76 Or 540, 545, 148 P 1119, 148 P 1121. There Mr. Justice BURNETT, speaking for the court, said:

> " * * * None of the decisions, however, dispense with the necessity of proving the facts conferring power on an inferior court when its determination is challenged. * * *.
>
> " * * * * *
>
> "No complaint or summons was offered in evidence, nor was there any attempt to give secondary evidence of the contents of such papers. The defendants relied solely on the journal entries above quoted. A casual reading of them reveals nothing whatever to show that the action was one over which the Justice's Court had jurisdiction. * * *. The judgment of a Justice's Court is not in any sense of the word self-sustaining. *The criminal documents upon which it proceeded must be put in evidence,* or secondary evidence given thereof, in the cases prescribed by law, *before its decisions can be sustained, when controverted.* The showing of defendants is fatally defective in this respect." (Italics ours.)

■ The order of the district court purporting to revoke probation can have no more effect than the original judgment itself. "The stream cannot rise above the spring."

■ The evidence is wholly insufficient to justify the detention of the prisoner, Charles L. Sorensen, either upon the charge of "furnishing a minor with alcoholic

liquor'', or for ''operating a motor vehicle upon a public highway in Douglas county, Oregon, when such motor vehicle was not equipped with a muffler in good working order.''

The judgment is reversed, and this cause remanded with directions to sustain the writ of habeas corpus and discharge the prisoner, Charles L. Sorensen, from custody.