Argued July 15, affirmed July 29, 1959

IN THE MATTER OF THE APPLICATION OF
GLORIA WILSON FOR A WRIT OF HABEAS CORPUS
*v.* WAIR

342 P. 2d 798

*L. B. Sandblast,* Portland, argued the cause and filed briefs for appellant.

*Robert G. Danielson,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Lusk, Warner and Millard, Justices.

PER CURIAM.

This is an appeal in a proceeding for a writ of habeas corpus instituted in the circuit court for Umatilla county by the plaintiff, Gloria Wilson, who was then and now is confined in the Eastern Oregon State Hospital as a person mentally ill. She is held there pursuant to an order of commitment made and entered in a commitment proceeding in the Probate Department of the Circuit Court of Multnomah County on the twenty-third day of October, 1956. The defendant, Donald Wair, is the superintendent of the hospital where plaintiff is a patient and is the official custodian of all persons who are there for treatment.

An alternative writ of habeas corpus was issued, to which the defendant made a return. Thereafter, plaintiff filed her replication and after a hearing on the merits the court entered its order denying a mandatory writ.

The only assignment of error submitted for our consideration is a challenge to the sufficiency of the defendant's return to the alternative writ. This challenge arises in this court for the first time.

Plaintiff takes the position that the return is insufficient because, as she asserts, the probate department of the circuit court when functioning under the statute empowering it to commit the mentally ill, acts as an inferior court of limited jurisdiction. Therefore, she claims it is necessary for the defendant's return to plead facts conferring jurisdiction. ORS 426.070 et seq. She relies solely upon *State ex rel Sorensen v. Baird,* 201 Or 240, 249, 269 P2d 535, to support this proposition.

■ When the sufficiency of a complaint is challenged for the first time in this court, it will be liberally construed and every reasonable inference or intendment invoked in its aid. *Bryant v. Bryant*, 214 Or 381, 329 P2d 1118, and cases there cited.

ORS 34.540① specifies what the return to a writ must contain.

*State ex rel Sorensen v. Baird*, supra, urged upon us as authority for plaintiff's position, was an appeal in a habeas corpus proceeding instituted in the district court for Douglas county, which is one of inferior jurisdiction. Contrary to plaintiff's representations, this court did not sustain the demurrer to the sheriff's return made in that case. There, the allegations of the sheriff were substantially similar to those made by the defendant Wair in this matter (201 Or, supra, at 248). As disclosed by that opinion, the demurrer made below was overruled and that ruling affirmed here.

■ Testing the instant return in terms of ORS 34.540, supra, we find it sufficient and not vulnerable to demurrer.

The judgment of the circuit court is affirmed.

---

① ORS 34.540: "(1) The officer or person upon whom the writ was duly served shall state in his return, plainly and unequivocally:

"(a) Whether he has the party in his custody or power or under his restraint, and if he has not, whether he has had the party in his custody or under his power or restraint at any and what time prior or subsequent to the date of the writ.

"(b) If he has the party in his custody or power or under his restraint, the authority and true cause of such imprisonment or restraint, setting forth the same at large.

"(2) If the party is detained by virtue of any writ, warrant or other written authority, a copy thereof shall be annexed to the return, and the original shall be produced, and exhibited on the return of the writ, to the court or judge before whom the writ is returnable.

"(3) If the person upon whom the writ was served has had the party in his power or custody or under his restraint at any time prior or subsequent to the date of the writ, but has transferred such custody or restraint to another, the return shall state particularly to whom, at what time, for what cause, and by what authority the transfer took place.

"(4) The return shall be signed by the person making the same, and except where he is a sworn public officer, and makes his return in his official capacity, it shall be verified by oath."