## James GRUETZKE,
*Respondent,*

*v.*

## CITY OF GRESHAM
and F. Wallace Douthwaite,
*Appellants.*

(A8904-02127; CA A64441)

815 P2d 228

Elizabeth K. Reed, Gresham, Assistant City Attorney, argued the cause for appellants. With her on the briefs was Thomas Sponsler, City Attorney, Gresham.

John E. Hoag, Eugene, argued the cause for respondent. With him on the brief was Allison Hassler, Certified Law Student, Eugene.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendants City of Gresham and City Manager Douthwaite appeal an order denying their motion to dismiss plaintiff's petition for a writ of review and a judgment reversing their decision to terminate plaintiff's employment. We reverse.

Plaintiff had been an officer in the Gresham Police department for 16 years and was a lieutenant at the time of his termination. In October, 1988, he was suspended pending Chief of Police Knori's recommendation that he be terminated for misconduct. Pursuant to a city grievance procedure, he obtained a pre-termination hearing before Knori and a second hearing before Douthwaite. Plaintiff admitted that he took a rope belonging to the city for his personal use and that he had conducted a private business for profit while on duty or in uniform. After reviewing the testimony and documents, Douthwaite concurred with Knori's recommendation and terminated plaintiff. A post-termination hearing was held in February, 1989, after which Douthwaite again concluded that the termination was warranted.

Plaintiff petitioned the circuit court for a writ of review. ORS 34.010 to ORS 34.100. The petition alleged:

"1.  The Respondent, City of Gresham, is a municipal subdivision of the State of Oregon. The Respondent, F. Wallace Douthwaite, is the City Manager of the City of Gresham and, as part of his duties, is responsible for making a final decision for termination of non-probationary City employees.

"2.  Petitioner at all times material herein was a nonprobationary police officer employed by Respondent, City. He held the rank of Lieutenant in the Police Department, and could not be terminated from his employment except for just cause.

"3.  On or about February 21, 1989, the Respondent, F. Wallace Douthwaite, acting in the course and scope of his employment, entered an order after a post-termination hearing in which he upheld the termination of James Gruetzke from his position as a Lieutenant with the City of Gresham Police Department. At the post-termination hearing, James Gruetzke had contested the City's termination of his employment, presented evidence showing why his termination should not have been upheld.

"4. The City Manager, F. Wallace Douthwaite, in sustaining the decision to terminate James Gruetzke from his employment with the City of Gresham erred in his exercise of the quasi-judicial function that he was performing in that he:

"1. Made a finding or order not supported by substantial evidence in the whole record; and/or

"2. Improperly construed the applicable law."

Defendants moved to dismiss the petition for failure to allege facts sufficient to warrant issuance of the writ and for lack of subject matter jurisdiction. The circuit court denied the motion and, on the merits, concluded that, although defendants' findings were supported by the evidence, they do not support plaintiff's termination. Accordingly, it reversed defendants' decision to terminate plaintiff.

■    Defendants argue that the court erred in denying the motion to dismiss, because the petition contained merely conclusory allegations of error and did not set forth facts sufficient to warrant issuance of a writ of review. The writ is a special proceeding in which the scope of trial court review is strictly limited by statute. Under ORS 34.040, a writ shall issue only if a defendant has erred in one of the ways described.[1]

■■    What constitutes a sufficient pleading of error is not entirely clear from the statute. ORS 34.030 provides that

"[t]he writ shall be allowed by the circuit court, or, in counties where the county court has judicial functions, by the county court wherein the decision or determination sought to be reviewed was made, upon the petition of the

---

[1] ORS 34.040 provides:

"The writ shall be allowed in all cases where the inferior court including a district court, officer, or tribunal other than an agency as defined in ORS 183.310(1) in the exercise of judicial or quasi judicial functions appears to have:

"(1) Exceeded its jurisdiction;

"(2) Failed to follow the procedure applicable to the matter before it;

"(3) Made a finding or order not supported by substantial evidence in the whole record;

"(4) Improperly construed the applicable law; or

"(5) Rendered a decision that is unconstitutional,

"to the injury of some substantial interest of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ."

plaintiff, describing the decision or determination with convenient certainty, and setting forth the errors alleged to have been committed therein."

The Supreme Court has construed that language to require that the petition "state every fact bearing upon the errors claimed, so that from an inspection thereof, assuming the facts stated to be true, the court can say there has been an error upon which to issue the writ." *School Dist. No. 68 v. Hoskins et al,* 194 Or 301, 315, 240 P2d 949 (1952), *overruled on other grounds Meury v. Jarrell,* 269 Or 606, 525 P2d 1286 (1974). The petition must contain enough information to enable the court to decide whether to issue the writ *ex parte. See Kinney v. City of Astoria,* 58 Or 186, 189, 113 P 21 (1911).

In effect, the petition serves as a complaint to which the court looks, and to which it is limited, to determine whether the claims of error support the issuance of the writ. *See Andrews v. City of Corvallis,* 200 Or 632, 634, 268 P2d 361 (1954); *Southern Oregon Co. v. Coos County,* 30 Or 250, 47 P 852 (1897). On a motion to dismiss a writ of review, the petition is construed most strongly against the pleader and, as in other pleadings, conclusions of law are not sufficient to justify issuance of the writ. *See Drummond v. Miami Lumber Co.,* 56 Or 575, 578, 109 P 753 (1910).

The language of the statute has not been amended in any significant way, and the Supreme Court has not indicated any inclination to move toward a more liberal pleading standard for petitions for writs of review. Cases upholding petitions containing *some* conclusory allegations did so because they *also* recited sufficient facts to "adequately advis[e] the court and the respondents of the particular questions to be considered in determining the merits of the controversy." *Green v. Hayward,* 23 Or App 310, 315, 542 P2d 144 (1975), *reversed on other grounds* 275 Or 693, 552 P2d 815 (1976); *see also Hodgon v. Goodspeed,* 60 Or 1, 4, 118 P 167 (1911).[2]

---

[2] For example, in *White v. Brown,* 54 Or 7, 101 P 900 (1909), the petition was attacked because it merely concluded that, in vacating a judgment in favor of the plaintiff, the "justice of the peace exceeded his jurisdiction." The court held that the petition, "though not so specific as it might have been" in its statement of error, was sufficient, because it also contained a detailed recitation of facts sufficient to inform the court as to whether to issue the writ *ex parte.* Although the court appeared to apply a more liberal pleading requirement in *White,* it is apparent from the cases since *White* that the traditional, stricter standard of fact pleading for writs of review is required.

■ The petition in this case merely alleges that plaintiff was a police officer who could not be terminated without just cause and that he was terminated. Although we can infer from that recitation that plaintiff's complaint is that he was terminated without just cause, he failed to allege any facts to support his conclusory assertions. In alleging that defendants "[m]ade a finding or order not supported by substantial evidence in the whole record," the petition is silent as to *what* findings are being attacked. In alleging that defendants "[i]mproperly construed the applicable law," it is silent as to *what* was improperly construed or what legal standard should have been used. The petition is insufficient, because it only generally tells the court of the issues involved. It does not inform the court of the evidence to be addressed or provide sufficient facts to allow a determination of whether the writ should be issued *ex parte*. On the face of the petition, the trial court had no way to determine whether defendants had exercised their functions erroneously, and defendants had no way to respond to the petition. The circuit court erred in denying defendants' motion to dismiss.

We do not reach defendants' assignments as to the merits.

Reversed and remanded with instructions to dismiss the petition.